CITY OF WINONA *vs.* MINNESOTA RAILWAY CONSTRUCTION COMPANY.

October 7, 1880.

ON REARGUMENT, JANUARY 28, 1881.

**Appeal—Order allowing Amendment.**—Upon an appeal from an order refusing a new trial, this court cannot review an order of the court below allowing an amendment of the pleadings made previous to the commencement of the trial, and not as a part of it.

**Contract for building Truss Bridge — Strict Performance necessary. —** The construction given by this court in this case, in 24 Minn. 199, of the contract between the parties on which the action is based, adhered to. The contract between the parties providing for the issue of bonds by plaintiff, to be left in escrow, and delivered to defendant when certain conditions should be performed within specified times—among others, if a railroad truss bridge should be constructed across the Mississippi river at Winona, within three years; the bonds to be returned to plaintiff if such bridge should not be constructed within said time, no other but a railroad truss bridge, even though as good as, or even better than, such a bridge for the use intended, and even though of the kind used at other points on the river, will meet the requirements of the contract.

**Same — Acceptance of different Bridge, if relied on, must be pleaded.—** The fact of an acceptance of, and acquiescence in, the bridge actually constructed as a compliance with the contract not being found by the court below nor alleged in the pleadings, and it not appearing that on the trial it was treated as an issue in the case and litigated, this court will not consider the evidence, though it may be very strong, tending to show such acceptance and acquiescence.

**Estoppel—Findings on former Trial—Judgment between other Parties.**—Findings of fact on a former trial of the case, they having been set aside and a new trial ordered, cannot be an estoppel as to the facts so found on the second trial. A judgment on the same issues, in an action by one through whom this defendant does not claim against this plaintiff, is no estoppel as to such issues in this action.

Evidence—Expert.—The structure in question being composed in part of trusses and in part of trestles, and it being a litigated question whether under the trestles was river or an island, one party contending that the whole under both trusses and trestles was river, and the other party 'that under the trestles was island, it was improper to ask an expert witness, called to testify to the character of the bridge, this question, " Was that bridge, constructed as you have described it, a truss railroad bridge across the Mississippi river at Winona ?" because it involved the witness' opinion or determination of whether under the structure was wholly river, or partly river and partly island—not a matter for expert evidence.

### ON REARGUMENT.

Trial of Issues not made by Pleadings.—The parties to a cause may by consent try an issue of fact not made by the pleadings, and, if they do, the cause is to be decided as it would be if the pleadings made the issue. But where there is no formal or express waiver of the omission in the pleadings, and it is to be gathered, if at all, by the course of the trial, the record must make it appear very clearly that the parties did in fact and without objection litigate the issue as though it were in the pleadings.

This action was originally brought in August, 1874, against the Minnesota Railway Construction Company and Horace Thompson, to recover damages for the conversion, by the defendants, of certain negotiable bonds, with interest coupons attached, to the amount in the aggregate of $100,000, which had been executed by the plaintiff and deposited with the defendant Thompson, cashier of the First National Bank of St. Paul, to be held by him in escrow until the performance by the construction company of a contract made by it with the plaintiff on April 23, 1870, and, upon full performance of that contract, to be delivered to the construction company.

By the terms of the contract, the plaintiff, to aid the company in the construction of the railway from St. Paul to Winona, known as the St. Paul & Chicago railway, agreed to execute the bonds in question and deposit them in escrow, and the company agreed to build, equip and put in operation, within three years from the date of the contract, a good and substantial railway from St. Paul to Winona, and to connect at Winona by bridge or ferry with the La Crosse, Trempealeau & Prescott railroad. The contract contained ,

certain minor provisions as to the completion of certain parts of the railway, and provided as follows in regard to the delivery of the bonds by the depositary:   "It is further agreed as to the delivery of said bonds as follows:   *   *   *Third*—That if a railroad is not built, equipped and put into operation from St. Paul to Winona (except the bridge at Hastings) as aforesaid, connecting at Winona, by bridge or ferry, with the La Crosse, Trempealeau & Prescott railroad, within three years from this date, then and in that event the said bonds and coupons shall be by said depositary returned to said city of Winona, or to its duly authorized agents; but in no case shall the said bonds, or any part thereof, be delivered by said depositary to the said Minnesota Railway Construction Company until a truss bridge is constructed across the Mississippi river at Winona, connecting the said St. Paul & Chicago railway, or the Winona & St. Peter railroad, with the La Crosse, Trempealeau & Prescott railroad, at the present terminus of the last-named railroad.   But if, in each and every of the respects above mentioned, the said railroads and several parts of said railroads are built, equipped and put into operation within the times and in the manner above agreed, and said railroad bridge constructed as above provided, then and in that event, and in that event only, shall the said bonds be delivered to the said Minnesota Railway Construction Company by said depositary."

On March 27, 1872, the construction company, claiming to have fully performed the conditions entitling it to the bonds, demanded and received them from the defendant Thompson.   This action was brought in August, 1874.   In its original complaint the plaintiff alleges the making of the contract, (a copy of which is attached to the complaint as Exhibit A;) that the company, when it obtained the bonds from Thompson, had not performed the acts which by the contract were made a condition precedent to the delivery of the bonds to it; that the company had not then nor has it yet built, equipped and put in operation a good and substan-

tial railway from St. Paul to Winona; nor built and equipped, or caused to be built and equipped, any railway from St. Paul to Winona and connected said railway, at Winona, by bridge or ferry, with the La Crosse, Trempealeau & Prescott railroad; that there was not then, nor has there yet been built, equipped and put into operation from St. Paul to Winona a good and substantial railway, or any railway, connecting at Winona with the La Crosse, Trempealeau & Prescott railroad; that the defendant company has not built or caused to be built, or aided in any manner in building, a bridge across the Mississippi river at Winona or elsewhere, connecting said railroad from St. Paul to Winona, or any railroad, with the La Crosse, Trempealeau & Prescott railroad; that the defendant company has not, nor had it at any time, put on, or caused to be put on, or aided in putting on, any ferry on the Mississippi river, at Winona or elsewhere, connecting such railway from St. Paul to Winona, or any railroad, with the La Crosse, Trempealeau & Prescott railroad; nor has it ever put on, or caused to be put on, or in any manner aided in putting on, any ferry on the Mississippi river at Winona, or within twenty miles of the city of Winona.

The defendants in their answers to this complaint averred full performance of all the conditions prior to the delivery of the bonds. The issues raised by these pleadings were tried, and judgment ordered for the plaintiff, and defendants' motion for a new trial denied. On appeal to this court, the order denying a new trial was reversed. See *City of Winona* v. *Thompson*, 24 Minn. 199, where the questions then made upon this contract are fully stated.

The case having been remanded to the district court, the plaintiff, in January, 1878, applied for and obtained leave to amend its complaint by setting up an alleged scrivener's error in drafting the contract, by reason of which it failed to express the agreement of the parties, and by inserting the following averment: "Nor had the Minnesota Railway Construction Company, or any other company or

person, on the twenty-eighth day of March, 1872, or on the twenty-fourth day of April, 1873, or at any time before the commencement of this action, constructed or caused to be constructed across the Mississippi river, at Winona, or elsewhere, a truss railroad bridge connecting the said St. Paul & Chicago railway, or the Winona & St. Peter railroad, with the La Crosse, Trempealeau & Prescott railroad, at the terminus of the last-named railroad, as the same was fixed on the twenty-third day of April, 1870, or elsewhere." As a condition of the leave to make the first of these amendments, the plaintiff was required to and did dismiss the action as against the defendant Thompson. The construction company appealed from the order allowing the amendments, but the appeal was dismissed, (25 Minn. 328,) and it thereupon answered the amended complaint, putting in issue the alleged mistake, alleging in detail performance of each of the conditions of the contract, and alleging as follows in regard to the truss bridge at Winona: "That long previous to said last-named date," (March 27, 1872,) "a truss railroad bridge was constructed across the Mississppi river at said Winona, connecting the said St. Paul & Chicago railway and the Winona & St. Peter railroad with the La Crosse, Trempealeau & Prescott railroad, at the terminus of the last-named railroad on the east bank of the Mississippi river, as said terminus was fixed at the date of said contract, Exhibit A; and defendant further alleges that said truss railroad bridge, so constructed as aforesaid, has, ever since the same was so constructed, been maintained, renewed and repaired, and was at the time of the commencement of this action, and still is, so maintained and in operation for the passage of railroad trains across the Mississippi river at said Winona."

In answer to the averments of mistake in the contract, the answer further alleges that "the plaintiff has, ever since said contract was executed, adopted the same in the form and language in which it now is, and asserted and claimed

rights thereunder, and has never until the month of January, 1878, pretended or claimed that said contract was not in all things the exact record and evidence of the contract and agreement that was entered into by and between said parties plaintiff and defendant hereto; nor has the said plaintiff, until about the date last aforesaid, ever pretended or claimed that there was any mistake in the preparation or drawing of said contract, but has frequently ratified, adopted, and confirmed said contract, and predicated rights thereunder, in this, to wit." After alleging that the plaintiff pleaded this contract and claimed rights thereunder in a suit brought against it by one Cowdrey, on certain coupons of the bonds in question, in the United States circuit court for Minnesota, the answer proceeds: "And defendant avers that on account of the adoption, ratification and confirmation of said contract in its present shape by said plaintiff, as aforesaid, and by commencing this action thereon, and prosecuting the same to a hearing and determination on the merits, and by other acts of ratification and confirmation of said contract by said plaintiff, the said plaintiff is estopped from now claiming that said contract does not express the agreement and understanding of the parties thereto, and from asserting that there was any mistake made therein, and from asking any reformation thereof."

For a second defence the answer alleges a suit brought in May, 1873, by one Cowdrey against the plaintiff, in the circuit court of the United States for Minnesota, on certain coupons of the bonds in question; that, as a defence to that suit, the city pleaded the same matters alleged in its amended complaint in this action; that it was conceded at the trial that Cowdrey took the coupons when past due, and that they were subject, in his hands, to the defence so made to them. That the action was tried on the merits, and all the issues were decided and adjudged against the city and in favor of Cowdrey, who recovered judgment against the city for the full amount of his coupons, with interest and costs, which judg-

ment was, on writ of error, in all things affirmed by the supreme court of the United States, and that by reason of these proceedings and judgments, the plaintiff ought not to have or maintain the present action.

A jury having been waived, the issues made by the amended pleadings were tried in the district court for Steele county, by *Stearns*, J., acting for the judge of the 5th district, who found the disputed facts as follows:

"4th. That on the 23rd day of April, A. D. 1870, the plaintiff entered into a written contract with the defendant, a copy of which is attached to the complaint and marked Exhibit A.

"8th. That no truss railroad bridge was constructed across the Mississippi river, at Winona or elsewhere, connecting the St. Paul & Chicago railway or the Winona & St. Peter railroad with the La Crosse, Trempealeau & Prescott railroad at its then terminus or elsewhere, within three years after the making of said contract 'Exhibit A.'

"9th. That at the time of the making of said contract, the eastern terminus of the Winona & St. Peter railroad was on the western bank of the Mississippi river in the city of Winona; and the terminus of the La Crosse, Trempealeau & Prescott railroad therein mentioned was on the eastern bank of said river, about 2,575 feet eastwardly from said terminus of the Winona & St. Peter railroad.

"10th. That a line drawn from said terminus of the Winona & St. Peter railroad to said terminus of the La Crosse, Trempealeau & Prescott railroad crossed the lower end of a sand bar in the bed of the Mississippi river, which, at low water in said river, formed an island with about 60 acres surface, composed exclusively of sand drifted there by the currents of the river, upon which there was no soil or fixed land, and no vegetation or trees except some bunches of willows at the upper end of said island; which said sand-bar island is overflowed at ordinary high water in said river, and is overflowed to the depth of 14 feet by extraordinary high water in said river.

"11th. That prior to the delivery of said bonds and coupons to the defendant, as aforesaid, a bridge had been constructed along said line connecting the said termini—all of which was truss railroad bridge except 1,000 feet in length thereof, which was not truss bridging, but was constructed on piles and is known as pile bridging; and a little less than 800 feet in length of said pile bridging was over a part of said sand bar which was above low-water mark in said river, and a little more than 200 feet in length thereof was over a part of said sand bar which was below said low-water mark. Said pile bridging cost about $25,000 less than good truss bridging over the same space would have cost, and was not a substantial equivalent for truss bridging in that place; but the said pile bridging was used for the passage of railway trains until, during the years 1875 and 1876, it was removed, and truss bridging substituted in its place.

"12th. That all things requisite to be done to entitle the said defendant to receive said bonds and coupons under the provisions of said contract had been done prior to the 27th day of March, A. D. 1872, except the constructing of said railroad bridge as provided in said contract."

As a conclusion of law the court held that the plaintiff was entitled to recover the sum of $101,450, with interest from March 27, 1872, the date of the conversion.

The defendant moved for a new trial, which was refused, and it appealed from the order denying the motion.

At the trial the defendant introduced in evidence the record of a suit brought in the U. S. circuit court for Minnesota against plaintiff by one Cowdrey as holder of coupons of some of the bonds in question in this case, in which suit Cowdrey had judgment, which was afterwards affirmed in the supreme court. In its answer in that suit, (made in July, 1873,) the city set forth the contract with the construction company, and alleged and relied on the same omissions pleaded in the original complaint in this suit, and did not

allege any failure of the construction company to build a truss bridge across the Mississippi river at Winona.

The defendant also proved that the plaintiff had in the month of September in each of the years 1870, 1871, 1872, 1873, levied taxes to pay the interest on the bonds in question, and that on May 22, 1871, the common council of the city "appropriated to the citizens' committee, having in charge the proposed celebration on the opening of the railway bridge across the Mississippi river at this point, a sum not to exceed $500, to aid in defraying the expenses of such celebration," and that the railway bridge, the opening of which was thus celebrated, was the bridge in question in this action.

*Bigelow, Flandrau & Clark,* for appellant.

*Thomas Wilson,* for respondent.

GILFILLAN, C. J.    Although an expression used by the court in dismissing the appeal from the order allowing an amendment to the complaint in this case (25 Minn. 328) may indicate a different rule, we are satisfied that an order made previous to the commencement of a trial, and not as a part of it, granting an application for leave to amend the pleadings, cannot be reconsidered by the court below on a motion for a new trial.    The abuse of discretion mentioned in Gen. St. 1878, c. 66, § 253, as ground for a new trial, is an abuse of discretion happening at the trial, which prevents a fair trial of the issues as they exist when the trial commences; and on an appeal from an order granting or refusing a new trial, this court can review only what was properly before the court below for consideration on the motion.    Therefore we cannot consider, on this appeal, the point made that the court below improperly allowed the amendments to the complaint.

The contract on which this action is based has certainly been fruitful of controversy and difference of opinion as to its proper interpretation.    This was caused by the fact, as appears from the contract itself, that after a draft of a contract was

made, the parties, before executing it, inserted other clauses conflicting to some extent with clauses already in the draft, and then, without striking out or changing these latter clauses, executed the contract.

That the truss bridge mentioned in the contract was, to entitle the construction company to the bonds, to be constructed within three years from the date of the contract, is settled by the interpretation given the contract both by the supreme court of the United States in *City of Winona* v. *Cowdrey*, 93 U. S. 612, and this court when this case was before it on a former occasion. 24 Minn. 199. Those decisions, and especially that of this court, are to the effect that the crossing of the river on a truss bridge, and connection with the La Crosse, Trempealeau & Prescott railroad over such bridge, by means of the track of either the St. Paul & Chicago railway or the Winona & St. Peter railroad, were, by the clauses inserted after the draft of the contract was made, substituted for the passing of the river by bridge or ferry, and connection by means alone of the St. Paul & Chicago railway. The connection by the mode contemplated in the original draft was to be made within three years, otherwise the bonds were to be returned by the depositary to the city. When another mode of connection was substituted, the stipulation that the connection should be made within three years was left unchanged.

Only one bridge was built, and by means of that, and of the Winona & St. Peter railroad, the connection with the La Crosse, Trempealeau & Prescott railroad was made. If this was not a truss railroad bridge, it did not meet the requirements of the contract. Plaintiff contracted for that kind of bridge, and, without its consent, no other kind, although equally as good, or even better than a truss bridge, and although of the kind used in crossing the river at other points, could be substituted for the kind it contracted for. This disposes not only of one of the points made by defendant on

the evidence, but of some points on exceptions taken to rulings upon evidence offered by defendant, and we need not further refer to such points.

The defendant claims that the plaintiff accepted and acquiesced in the bridge which was in fact constructed, as a compliance with the contract.   So far as the evidence in the case bears on this proposition, it is certainly very cogent that, up to the plaintiff's amendment of the complaint, the parties regarded the bridge actually constructed as the kind of bridge called for by the contract; but the fact of such acceptance and acquiescence is not found by the court below.   It is not alleged in the answer, which relies on the allegation that a truss railroad bridge was actually constructed within the three years; and it does not appear that, on the trial, it was treated as an issue in the case, and the fact litigated as though it were alleged in the pleadings; therefore, we cannot consider the evidence tending to show it.

The court below has found as a fact that no truss bridge was constructed within the three years, and that the bridge actually constructed and used to make the required connection was not a truss bridge.   There is certainly sufficient evidence to sustain this finding.   The findings of the court on the first trial, they having been set aside, of course cannot be an estoppel; and the judgment in the *Cowdrey Case*, the parties not being the same as in this case, and this defendant not claiming under Cowdrey, is no estoppel.

Of the points made on exceptions to rulings of the court below, excluding evidence offered by defendant, we need notice specially but one.   On the trial, defendant introduced several expert witnesses and put to them questions like this: "Was that bridge, constructed as you have described it, a truss railroad bridge across the Mississippi river at Winona?"   Under the circumstances of the case, the words "across the Mississippi river at Winona" vitiate the question, because they include in it a question of fact, which was one of the litigated

facts in the case. The bridge extending from the west to the east bank of the river was composed, commencing at its west end, first of several hundred feet of trusses; then of about 1,000 feet of trestles; then of more trusses, and after that of more trestles. The part under the 1,000 feet of trestles was claimed by plaintiff to be river, by defendant to be an island in the river; and whether, in fact and law, river or not, was sharply litigated. If the part under the trestles was no part of the river, and all of the river was spanned by the trusses, defendant claimed — no doubt correctly — that the bridge across the river was a truss bridge. If the part under the trestles was river, plaintiff claimed the truss bridge did not extend across the river. How a witness would answer such a question as that put would probably depend on the view he took of the litigated fact, was the part under the trestles river? All such questions were properly excluded.

Order affirmed.

----

The defendant having moved for a reargument, the following order was made:

"*Ordered*, that there be a reargument of this cause upon the following propositions:

"Is the evidence in the case—that after the construction of the railroad bridge across the Mississippi river at Winona, the plaintiff accepted or acquiesced in such bridge as satisfactory under the contract, so that it is bound by such acceptance or acquiescence though the bridge was not in fact in accordance with the contract—such that, under the rule in respect to setting aside verdicts or findings of fact as contrary to evidence, this court ought to set aside the findings in this case?

"Does it appear from the record that the question of such acceptance or acquiescence was, on the trial, treated as an

issue of fact in the case as if it had been made by the pleadings?"

The cause having been reargued pursuant to this order, the following opinion was filed on January 28, 1881.

GILFILLAN, C. J.   Upon the reargument allowed and had in this case, we adhere to what was at first decided, that there was no issue at the trial upon the acceptance or acquiescence in by the city of the bridge constructed across the Mississippi river at Winona, as in accordance with or satisfactory under the contract between the parties.   The pleadings make no such issue.   *Prima facie,* the issues tried are those made by the pleadings.   The parties may, by consent, try an issue not made by the pleadings—that is, they may, when they come to trial, waive the want of formal allegations in the pleadings as to a particular fact or state of facts; and where they do so, the case is to be determined as it would be had such allegations been in the pleadings.   Where there is no express or formal waiver, but it is to be gathered from the course of the trial, the record of the trial must make it appear very clearly that the parties did in fact, and without objection, litigate the issue not pleaded as though it were in the pleadings.   Any other rule would be liable to operate as a surprise, and to work injustice.   The record in this case does not make it appear that the issue in question was litigated at the trial.   The mere fact that evidence which would tend to prove that issue was offered and received, is not enough, for all the evidence to which our attention is called upon this point was admissible, if admissible upon any conceivable issue, upon those made by the pleadings, and it is presumed to have been offered and received upon them.

The decision of the case heretofore made is adhered to.