GEORGE S. GRIMES v. SPENCER ERICSON and Others.[1]

May 5, 1905.

No. 14,251—(51).

**Appeal—Review of Order Sustaining Demurrer.**

An order sustaining a demurrer to a pleading entered before hearing of the cause cannot in this court be reviewed upon a denial of a motion for a new trial.

**Want of Consideration—Pleading and Proof.**

It is not necessary, since it is not generally possible, to allege the distinctive facts showing an absolute want of consideration in a suit on a written instrument, as a check or note. Therefore the allegation that there was no consideration is sufficient to admit proof thereof on that issue.

**Failure of Consideration.**

But where the consideration has failed, the specific facts showing such failure should be set forth, to authorize the admission of evidence thereof.

Appeal by defendant Spencer Ericson from an order of the district court for Kandiyohi county, Powers, J., denying a motion for a

[1] Reported in 103 N. W. 334.

new trial, after a trial and directed verdict in favor of plaintiff for $260.86.   Affirmed.

*T. H. Salmon* and *N. L. Ericson,* for appellant.

*George S. Grimes,* pro se.

LOVELY, J.

This action was brought to recover $250 upon a dishonored check given by defendant Ericson to plaintiff, the payee therein.   At the close of the evidence the court directed a verdict in favor of plaintiff for the amount of the check and interest.   The action as to the other defendants was dismissed.   Ericson moved for a new trial, which was denied.   From this order he appeals.

In his separate answer, defendant admitted the execution of the check, but alleged, in terms,

> That there was no consideration whatsoever for the execution of and delivery of said check by defendant to said plaintiff, or, if any, said consideration has wholly failed;

also admitted that the check had been protested in the due course of business, and for a further defense, by way of counterclaim, set forth facts tending to show that plaintiff in a previous action had an agreement with defendant under which the latter allowed suit to be brought in his name against third parties, although he had no interest therein, upon a promise of reimbursement and indemnity; alleging further that he had expended certain sums of money in the conduct of the litigation, and also had incurred costs therein for which he had not been reimbursed by plaintiff; and asked to recover the amount thereof. Plaintiff, in reply to the separate answer of Ericson, alleged that there was a valuable consideration for the check, and denied that it had wholly failed.

The trial court sustained a demurrer to the counterclaim upon the ground that it did not state facts sufficient to constitute a defense or affirmative cause of action in favor of the defendant, which ruling is assigned as error.   The order sustaining such demurrer was no part of the procedure during the hearing of the cause, and hence it cannot be reviewed on the appeal from the order denying the new trial.   City of Winona v. Minnesota Railway Const. Co., 27 Minn. 415, 423, 6 N. W. 795, 8 N. W. 148.

At the trial the court sustained an objection to the introduction of any testimony to support the answer, upon the ground that the allegation of the want of consideration for the check was inconsistent with the further allegation that such consideration had failed. While the allegation that the consideration for a written instrument has failed implies that it had once existed, and hence the two defenses are inconsistent, yet we are of the opinion that the statement of want of consideration in general terms, as set forth in the answer in this case, was sufficient to present that issue, since little more can be said in setting forth such ultimate fact than that there was no consideration for an instrument upon which recovery is sought, as the check in suit; but where a consideration originally exists for such an instrument, and has subsequently failed—for instance, by the breach of an agreement to do certain acts, as claimed by defendant here—the specific acts can easily be pleaded, and it is our understanding that this must be done, to admit proof under that issue. 4 Enc. Pl. & Pr. 950.

Our conclusion, therefore, is that the defense that there was no consideration was properly pleaded, but that the allegation that the consideration had failed was not sufficient to admit evidence tending to show that plaintiff had failed to perform certain promises he had made subsequent to the execution and delivery of the check in suit. Hence the order of the court refusing to admit testimony under the answer was erroneous, but, so far as practical results are concerned, we are satisfied that this ruling did the defendant no substantial injustice, for, upon our examination of the entire record, it is clearly apparent that there was a consideration for the check, and that the defendant Ericson relied upon his ability to show that such consideration had failed subsequent to the time of its execution and delivery to plaintiff. This appears very clearly from certain offers of proof, whereby defendant sought to establish at the trial that the consideration for the check was an agreement to procure the release of certain lands from a judgment, and that it was not so procured. This offer was properly refused, because the allegation in the answer of failure of consideration was insufficient to permit such showing. While, technically, the defendant might have shown that there was a total want of consideration for the check at the time it was executed and delivered, it seems conclusive to us that no evidence could have been produced

which would have established this fact, and that substantial justice has been done under the facts presented upon the real issue in this case; and the order appealed from is affirmed.

Order affirmed.