## MARIE TERGEON v. ALFRED JOHNSON.[1]

June 18, 1926.

No. 25,409.

**Where plaintiff elected on which theory of complaint she would stand, dismissal on the merits was proper.**

Where plaintiff's complaint for relief is so stated that, disregarding an allegation of tender, specific performance might be had of an alleged contract or, giving force to the allegation of tender, plaintiff had a good defense to the unlawful detainer action sought to be enjoined by the suit, and plaintiff at the opening of the trial having announced that specific performance was deemed unobtainable because the contract was void under the statute of frauds, the court rightly directed a dismissal on the merits.

Injunction, 32 C. J. p. 108 n. 58.

Action in the district court for Hennepin county to permanently enjoin defendant from prosecuting an unlawful detainer action and for further relief. The case was tried before Baldwin, J., who dis-

[1]Reported in 209 N. W. 485.

missed the action with prejudice. Plaintiff appealed from the judgment. Affirmed.

*B. H. & M. C. Bowler,* for appellant.

*Victor M. Petersen* and *Luther E. Petri,* for respondent.

HOLT, J.

Plaintiff appeals from a judgment of dismissal with prejudice.

The complaint alleged in substance that defendant as vendor made a contract with plaintiff and her husband as vendees to sell and convey certain premises to them as joint tenants, and not as tenants in common, for a certain price payable in instalments of $50 each month; that the vendees defaulted in March, 1924, and plaintiff tried to induce her husband to pay but he refused; that thereupon plaintiff entered an agreement with defendant whereby defendant was to terminate the contract of sale by statutory notice; that she was not to make any further payment until after the expiration of the 30-day statutory period for redemption; that after said period had expired and defendant had recorded the proper proof he was to execute a new contract of sale with plaintiff as the sole vendee upon the same terms otherwise as the contract canceled; that in consideration thereof plaintiff agreed to pay defendant all sums overdue at the time of the expiration of said 30-day period, together with the necessary expenses in canceling said contract and an additional sum of $100; that it was expressly agreed between them "that all further payments on said contract by the plaintiff were waived by the defendant until after the expiration of said thirty (30) day period; that relying upon said agreement with the defendant, the plaintiff, through her attorney, tendered to the defendant before the expiration of said thirty (30) days the sum of money so agreed to be paid the defendant, and has kept said tender good and now offers to bring said money into Court, and hereby tenders the same to the defendant." It is then alleged that after the expiration of the 30 days defendant demanded the further sum of $200 as a condition to the execution of the new contract and she asserts that because of the foregoing facts the notice of cancelation and the foreclosure record thereunder are void and constitute a fraud upon the plaintiff.

The complaint also sets out the complaint in an action brought in the municipal court of Minneapolis in unlawful detainer against plaintiff and her husband, showing the cancelation of the contract because of default in the payments and a holding over after the time given to remove the default. And then the complaint herein alleges that that court cannot grant equitable relief and that she had no remedy at law, and prays judgment that defendant be permanently enjoined from prosecuting the unlawful detainer action, and "for such other and further relief as to the court may seem just, proper and equitable in the premises."

The settled case shows that, when plaintiff's counsel had stated to the court the cause of action he proposed to prove under the complaint, the counsel for the defense moved for judgment of dismissal on the merits. A long discussion of the theory of the action between counsel and court took place, in which plaintiff's counsel clearly stated that he deemed void under the statute of frauds the alleged agreement between plaintiff and defendant for the execution of a new contract of sale after the foreclosure of the first contract had been completed, but that there was legal fraud in the making thereof which estopped defendant from claiming that there had been a valid foreclosure of the first contract. The court below appears at first to have taken the view that, if such was the theory upon which plaintiff was to proceed, the defect of parties, pleaded in the answer, existed in that plaintiff's husband was a necessary party to the suit; but finally stated that, even if the husband were made a party, the complaint failed to state a cause of action and hence granted the motion to dismiss. In the discussion referred to, contained in the settled case, plaintiff's counsel at no time suggested that the action was for specific performance of the alleged contract to give plaintiff a new contract of sale.

In the situation stated, did the court err in granting the motion, which really was for judgment of dismissal upon the pleadings? It should be noted that the answer of defendant made the verified answer of appellant in the unlawful detainer action a part of his pleading, and such answer contained the identical allegations here-

inbefore quoted from the complaint in the present action as to tender before default. It is plain that appellant could not very well take the position in the district court that a tender had been actually made at the time, for such defense was pleaded in the unlawful detainer action and, if proved, was a perfect defense, so that there was no occasion to resort to equity for the relief demanded, which was none other than enjoining the prosecution of that suit, except as found in the general prayer for such other relief as the court might grant, but which could mean nothing, since counsel frankly told the court that the agreement between plaintiff and defendant could not serve as a basis for specific performance.

It is perhaps true that counsel was mistaken, for there appears little or no difference between the agreement in question and the one in Williams v. Stewart, 25 Minn. 516, so far as affected by the statute of frauds. But the fact remains that the complaint set forth two inconsistent causes of action, one for specific performance of an oral contract between plaintiff and defendant made for the purpose of cutting off her husband from his rights under a prior contract, and the other which nullified what had been done by defendant in performance of the oral contract. The result, if plaintiff prevailed on her second ground, would be to reinstate the first contract and her husband's rights in the property, an entirely different result than that intended by the oral contract, and which this court said could not be done in Williams v. Stewart, supra, although there the court below, Judge Mitchell, had held, as appellant here claims, that defendant is estopped to assert title under the statutory foreclosure, for, it is argued, to permit him to claim title thereunder would be to let him take advantage of his own wrong or fraud.

There is also another inconsistent or at least ambiguous allegation in the complaint which should not be overlooked. Time and again it is alleged that the agreement between plaintiff and defendant was that no payment should be made and that all payments were expressly waived upon the original contract of sale until after the expiration of the 30 days from the service of the notice of the cancelation, and then follows the quoted allegation of the tender

made before the expiration of the 30 days' period. Either this tender must refer to the oral contract, in which case it became of no importance when plaintiff announced that that contract was deemed void and hence no demand for specific performance was made, or else it was a tender upon the written contract of sale and then there was an adequate remedy at law in the unlawful detainer action where she had alleged the same tender.

We think two inconsistent theories of a cause of action were apparently set forth in the complaint, so that it was a proper case in which to require election; that, plaintiff having voluntarily chosen at the opening of the trial not to stand upon the right to specific performance, her right to relief depended upon the alleged tender, and if such there was, adequate relief may be had in the action pending in the municipal court. Hence a judgment of dismissal was right.

The judgment must be affirmed.