# ALFRED JOHNSON v. MARYLAND CASUALTY COMPANY.[1]

April 5, 1929.

No. 27,091.

*B. H. Bowler,* for appellant.
*Leonard, Street & Deinard,* for respondent.

STONE, J.

In this action to recover on an injunction bond, the defendant surety was denied a new trial and appeals.

[1]Reported in 224 N. W. 700.

July 13, 1923, plaintiff sold and agreed to convey to Frank and Marie Tergeon, husband and wife, a residence property. The vendees defaulted and the contract was canceled by statutory notice April 14, 1924. April 25 plaintiff commenced in the municipal court of Minneapolis an action of unlawful detainer against the Tergeons to secure the restitution of the premises. May 2, 1924, Marie Tergeon, one of the vendees, sued plaintiff in the district court of Hennepin county for an injunction restraining the prosecution of the action of unlawful detainer, procuring first a temporary restraining order, and then a temporary injunction. It is upon her injunction bond of $1,000, with defendant as her surety, that the present suit is brought.

The complaint alleges that the injunction suit was tried in March, 1925; that in April there was an order dismissing it; that on May 12 the motion of the plaintiff therein, Marie Tergeon, for a new trial was denied; that she thereupon appealed to this court; that her appeal was dismissed (Tergeon v. Johnson, 165 Minn. 482, 205 N. W. 888); that judgment was entered against her June 6, 1925; that an appeal was taken from the judgment and that it was affirmed (168 Minn. 22, 209 N. W. 485). There follows an averment that the "restraining order and writ of injunction against plaintiff * * * remained in full force and effect continuously and at all times until" after the judgment had been finally affirmed here and was remanded to the district court in July, 1926. That was traversed by a general denial in the amended answer upon which the case went to trial. So the burden was upon plaintiff to prove the period during which the injunction kept him out of possession and for which in consequence he was entitled to damages under the injunction bond.

But in the original answer defendant had set up affirmatively, in detail and unnecessarily, an order whereby on motion the temporary injunction was "vacated and dissolved" as of September 18, 1924. October 9, 1924, an order was made denying a motion to reinstate the injunction. But on the same date another was made, which among other things provided "that until the disposition of this case,

further proceedings between the parties in the municipal court" in the forcible entry and unlawful detainer action "be stayed" and that the bond "in the injunction proceedings remain operative and in full force and effect to abide the event of this action." Thereafter on motion there were stricken from the amended answer, as sham and frivolous, the allegations of the orders of the district court just referred to. From that order no appeal was taken. Plaintiff did not press his action of unlawful detainer and so did not recover possession from the Tergeons until after the final decision of the injunction suit. The decision below allows him damages for loss of possession upon the theory that the temporary injunction remained in force during all of that period.

■ It is argued for plaintiff that if it was error to strike the portions of the answer which were stricken, it was not an error occurring at the trial and therefore cannot now be reviewed upon an appeal from an order denying the motion for a new trial but can be corrected only on an appeal from the judgment. City of Winona v. Minn. Ry. Const. Co. 27 Minn. 415, 6 N. W. 795, 8 N. W. 148; Manwaring v. O'Brien, 75 Minn. 542, 78 N. W. 1; M. St. P. & S. S. M. Ry. Co. v. Home Ins. Co. 64 Minn. 61, 66 N. W. 132; Grimes v. Ericson, 94 Minn. 461, 103 N. W. 334; Melady v. South St. Paul Live Stock Exch. 142 Minn. 194, 171 N. W. 806. It is next argued that inasmuch as the order striking out portions of the amended answer was itself appealable but not appealed from, the issues thereby determined are res judicata and cannot be reviewed on this appeal even though erroneously decided. Halvorsen v. Orinoco Min. Co. 89 Minn. 470, 95 N. W. 320; Truesdale v. Farmers L. & T. Co. 67 Minn. 454, 70 N. W. 568, 64 A. S. R. 430.

Neither proposition is controlling. It was part of plaintiff's case, and not matter of defense, to show the period during which the injunction bond was in force. The allegation of the complaint that the injunction remained in effect during the entire course of Tergeon v. Johnson, through the district court and this court, was put in issue by the general denial of the amended answer. So, in spite of the absence from the answers of the matter that had been stricken,

defendant was entitled to show that the injunction and bond had not been in force as averred by plaintiff. ·

■ The bond recited the application for the "restraining order and writ of injunction" and was conditioned for the payment of such damages as the defendant (this plaintiff) might sustain "by reason of said restraining order and writ, if the court finally decide that the said plaintiff [in the injunction case] is not entitled thereto." · The language did not, as plaintiff contends, continue the liability of the surety to the final decision irrespective of the status of the preliminary injunction in the meantime. True, any effort to recover damages prior to the final decision of an injunction case is premature. Winston v. Ladner, 264 Pa. 548, 108 A. 22. In New York the practice is to have the damages, if any, ascertained by a reference or otherwise in the injunction suit itself. Injunction bonds may be conditioned accordingly, and a final decision of the injunction suit is a condition precedent to the right to recover such damages. Methodist Churches of N. Y. v. Barker, 18 N. Y. 463. Our attention has been invited to no case holding that, where a temporary injunction has been vacated long before, the damages of the defendant may be assessed for the entire period up to the final decision.

The surety on an injunction bond is liable only for what he contracts to assume. The obligation of this defendant must be determined accordingly. It is a paid surety, and therefore if there were ambiguity in the bond it might be determined against defendant by construction. Standard S. & C. Co. v. National Surety Co. 134 Minn. 121, 158 N. W. 802. But defendant is entitled to the protection of its contract, and the only damages for which it has undertaken to answer are those from the "restraining order and writ" of injunction. The only liability is for damages arising from that restraint. For those resulting from a restraint from any cause other than the injunction or for one self-imposed, there is no liability for the simple reason that such damages are not within the coverage of the bond.

The injunction against plaintiff was dissolved September 18, 1924. It was not reinstated by the order attempting to stay proceedings

in the municipal court. That was a new and different order, the damages from which, if any, defendant had not undertaken to pay. Furthermore, it was of questionable effect because instead of operating upon the parties thereto and restraining them from proceeding with the action in municipal court, it attempted directly to stay proceedings in that court. Mann v. Flower, 26 Minn. 479, 5 N. W. 365. However commendable his motives, plaintiff's obedience of that order cannot help his present claim against defendant. The latter indemnified against damages arising from the temporary injunction. That was dissolved, and plaintiff now seeks to hold defendant as surety under a different and subsequent order, one in respect to which defendant never contracted. That cannot be done. "The surety is entitled to the protection of * * * the contract. That obligation cannot be added to nor taken away by either party to the suit, nor by the court itself." Alabama Power Co. v. Hamilton, 201 Ala. 62, 65, 77 So. 356; Tyler Min. Co. v. Last Chance Min. Co. 90 F. 15, 32 C. C. A. 498. The contract of the surety is controlling. It is found in the bond rather than in the order pursuant to which it is given, and without the consent of the surety it cannot be altered to his disadvantage by a subsequent order. Sewell v. Huffstetler, 83 Fla. 629, 93 So. 162.

For these reasons our conclusion is that there was no liability against defendant as surety on the injunction bond beyond the dissolution of the injunction and that plaintiff's recovery must be limited accordingly.

Order reversed.