## THOMAS LEONARD *vs.* SAMUEL ADAMS.

Worcester.　Oct. 6, 1875. — Jan. 7, 1876.　AMES & LORD, JJ., absent.

The defendant owned a tract of land and conveyed it by a deed embracing in its de-
scription the whole width of a road, called a town road, running along the east side
of the premises, its east side being made the east side of the land conveyed. The
deed contained a covenant that the premises described were free from all incum-
brances, except the aforesaid road, so far as the same was not discontinued. The
town had previously voted, while the defendant owned the land, to discontinue a
portion of the road bounding on the land conveyed. *Held*, in an action for breach
of the covenants of warranty and against incumbrances, contained in the deed,
that the deed conveyed the fee of the town road subject to the public easement.
*Held*, also, that whatever private right of way certain persons had in the portion
of the land, subject to the public easement, was merged in the public way, and
that, as such right did not appear to have been acquired before the way was laid
out, it could not be revived on its abandonment.

CONTRACT for breach of the covenants of warranty and against
incumbrances in a deed from the defendant to the plaintiff,
dated January 23, 1858. Writ dated February 10, 1873.

At the trial in the Superior Court, before *Dewey*, J., it was
admitted, that at the time of the conveyance to the plaintiff, two
owners of adjoining lots had rights of way over the land con-
veyed, and that for the damages arising from these incumbrances
the plaintiff was entitled to recover, and evidence was introduced
as to the damages. The plaintiff further contended that he was
entitled to recover damages on account of a road referred to in
the deed, and of the rights of one Woodcock, and those holding
his estate, to pass over the same.

The judge instructed the jury, with the consent of the parties,
to return a verdict for the plaintiff for the damages on account of
all the rights of way which the plaintiff contended he was entitled
to recover for, and to find specially the amount included in said
verdict on account of the road and right of way of Woodcock.

The jury returned a verdict for the plaintiff for the sum of
$266, and assessed the damages for the incumbrance of the road
and right of way of Woodcock at $90. The case was there-
upon reported for the consideration of this court; if the plaintiff
was entitled to recover for the last named incumbrance, judg-
ment was to be entered on the verdict; otherwise for the sum of
$176. The facts reported appear in the opinion.

*M. J. McCafferty,* for the plaintiff.

*H. O. Smith,* for the defendant.

COLT, J. The plaintiff seeks to recover for a breach of the covenants of warranty and against incumbrances contained in the defendant's deed to him in 1858. Among other causes of action he claims damages on account of a certain town road referred to in the deed as the road to Burncoat Pond ; and also for the right of one Woodcock, and those claiming under him, to pass over the same. In 1841, while the defendant was owner of the premises, the town voted " to discontinue the town road from near Samuel Adams to Burncoat Pond, so called, to a bridle road."

The deed, under which the plaintiff claims, embraces in its description the whole width of the road. It is called a town road ; it runs along the east side of the premises, and the east side of it is made the east side of the lot conveyed. The deed contained a covenant that the premises described " are free of all incumbrances, except the aforesaid road, so far as the same is not discontinued," with the usual covenant to warrant and defend the same.

This deed, by its true construction, conveys only the fee in the road subject to the public easement, if any, then existing in it. The description of it as a town road, with the restricted covenant against incumbrances, implies that the land was subject to the public easement, except so far as the road had been discontinued by the proper authorities. *Stetson* v. *Dow,* 16 Gray, 372. *Hollenbeck* v. *Rowley,* 8 Allen, 473. *Newhall* v. *Ireson,* 8 Cush. 595. *Boston* v. *Richardson,* 13 Allen, 146.

It follows that the town way, or so much of it as then remained, was not an incumbrance within the meaning of the covenant, because the covenants in a deed attach only to the estate or premises intended to be conveyed. The words granted premises mean that interest in the land described which the deed purports to convey. *Sweet* v. *Brown,* 12 Met. 175. *Hoxie* v. *Finney,* 16 Gray, 332.

As to the other incumbrance, if the town road was not legally discontinued by the proceedings in 1841, then the right of Woodcock, and those holding his estate, to pass over the same was no incumbrance on the granted premises, because it was merged in

the public easement.   And if the public easement was discon-
tinued, then the facts in the case do not show a private right of
way acquired by Woodcock, by grant or otherwise, before the
town road was laid out, which would revive upon its abandon-
ment.   Nor has the right been since acquired by grant, and could
not within the time limited have been secured by adverse use.

The plaintiff fails to establish these alleged incumbrances, and
as to the covenant to warrant and defend, it is sufficient to say
that it is not claimed that there has been any eviction by para-
mount title, or anything equivalent thereto.   By the terms of the
report the entry must be

*Judgment, for the smaller sum, for the plaintiff.*