## JOHN E. TIBBETTS *vs.* FERDINAND PENLEY.

### Androscoggin.    Opinion November 3, 1890.

*Exceptions. Practice. Way. Deed. Evidence. R. S., c. 18, § § 14, 17.*

An exception to the refusal to give a requested instruction not based upon the facts proved, can not be sustained.

A question not raised at *nisi prius* can not be argued at the law court.

Revised Statutes, c. 18, § 17, authorizing towns to "discontinue private ways," relates to such only as they may lay out, alter or widen under R. S., c. 18, § 14, and not to those created by express grant in a deed.

Where the owner of land conveyed the northern portion to the plaintiff, and "also a right of passage-way in the most direct and convenient place from the county road to the granted premises," and subsequently conveyed the southerly portion to the defendant, "subject to the right of way granted by" the former deed to the plaintiff, and in an action on the case for obstructing the right of way wherein one of the issues was whether the way had been laid out across the corner of the land of the defendant, who denied that it touched his land; *Held*, that the deed to the defendant was legitimate evidence to be considered by the jury with the other evidence material to that issue.

ON EXCEPTIONS.

This was an action on the case, in which there was a verdict against the defendant for obstructing a private right of way, over his premises, vested in the plaintiff, and created by an express grant.

In 1866, one Knight, owned a lot of land in Auburn, containing one acre, situated on the easterly side of the county road leading from Lewiston bridge to Farmington, as the road ran in 1835. Between 1835 and 1846, this road had been changed by the county commissioners, and the northern end swung off to the west, creating a heater-piece between the road as it existed in 1835 and as it existed in 1846.

April 20, 1866, said Knight conveyed to the plaintiff a piece of land eighty-three feet by sixty-three feet, situated in the northwest corner of the acre lot, together with the privileges of Barron brook, (lying northerly) flowage rights, and other water privileges; "Also, the right of passage-way for himself and others with or without teams from the county road to the afore-granted premises in the most direct and convenient place."

The county road, in 1835, ran along the whole westerly line of the one-acre lot; and after it was discontinued, by the alteration above referred to, no town or county way existed giving access to any part of the acre until 1889, when the city of Auburn located and built a town way, known as Knight street, from the county road, as altered and known as Turner street, northerly along the whole westerly line of the acre-lot.

It was conceded at the trial that in 1866, Knight owned not only the acre-lot, but the heater-piece lying next westerly of it.

September 21, 1885, said Knight conveyed to the defendant a lot lying next south of the plaintiff, the deed containing this clause : "Said premises are subject to a right of way granted by said Knight to said John E. Tibbetts, by the aforesaid deed of April 20, 1866."

The plaintiff contended that, soon after he took his deed, the way in question was located by agreement between the plaintiff and Knight, from a point on the southerly line of his lot easterly from Knight street and over the northwesterly corner of defendant's land to the location of the old county road, now Knight street, and thence on said location to the new county road, known as Turner street; and introduced evidence sustaining his contention.

The defendant contended that the passage-way had not been legally located across his land as claimed by the plaintiff; that if the acts and declarations of Knight and the plaintiff amounted to a legal location, such location, was over the old location of the county road, now known as Knight street, and not upon the defendant's land; also, that if not located on Knight street, there had been no legal location of the passage-way.

It was admitted that on December 10, 1889, after Knight

street had been built and opened for travel, the defendant erected a shed on the northwesterly corner of his lot, obstructing the passage-way leading to his mill as claimed by the plaintiff, but not obstructing Knight street.

The case was submitted to the jury upon these issues, and they found for the plaintiff.

The defendant offered in evidence the petition for the location of Knight street, and the proceedings of the city council thereon. He also proved that the petition was drafted by the request of the plaintiff, who obtained the signatures of others, and paid a portion of the expense of building the street. He requested the court to instruct the jury that "if Knight street was located and built substantially on the location of the way previously used by the plaintiff and those having occasion to go to his mill, the private way of the plaintiff is merged in the public way and extinguished."

The presiding justice declined to give the requested instruction, but instructed the jury as follows:

"Then, it is claimed again, that the location of the public street along by the plaintiff's property extinguished his right of way; that it no longer exists. I instruct you that that is not so. The public street may be discontinued at any time; but that would not extinguish the grant to the plaintiff. He holds it by grant, and it can be taken from him only in some legal mode. Locating a public street by the premises would not extinguish his right by grant, and especially it would not,. you will perceive at once, if it was located over any portion of the grantor's premises east of Knight street, and the premises involved here are admitted to be east of Knight street. So you may pay no attention and importance to the location of the public street, no weight at all, any further than the conduct of the plaintiff tends to aid you in determining whether his way was located where he claims it or not. So far as that gives you any light, you have a right to consider it as a piece of evidence, and no further."

The defendant further contended that the clause in his deed of September 21, 1885, "said premises are subject to a right of

way granted by said Knight to said John E. Tibbetts," &c.,—did not enlarge the plaintiff's rights, nor affect those of the defendant; that while the plaintiff was entitled to a way, under the terms of the deed, somewhere over land owned by his grantor at the date of his deed, yet the defendant's deed did not show that such a way had, or had not been, legally located.

Upon this point the presiding justice instructed the jury as follows: "You have in the deed, put in by the defendant, at least a piece of evidence which you may regard as important. My own opinion is, that as a matter of law, it is an estoppel upon the defendant to deny the existence of the way over the premises conveyed to him by Knight. But that point has not been made; and I do not so instruct you. But I do say that it is important evidence upon that issue, because the deed recites that the remaining portion of the acre retained by Knight, and conveyed to Penley, the defendant, is subject to the right of way granted to the plaintiff in 1866. The declaration is that the premises conveyed, are subject to the right of way granted to the plaintiff in 1866. That is a declaration that the right of way is located upon that land and exists there in the plaintiff, and the defendant has taken his deed containing such a declaration or fact. I say to you, if he is not estopped by it to deny the fact that it does not exist upon his land, it is of important weight in considering the question whether the road was located at the point, or substantially at the point, claimed by the plaintiff."

The defendant also requested other instructions, but as they were not urged in argument, they are omitted. To the instructions as given above and refusal to instruct, the defendant took exceptions.

*N. and J. A. Morrill*, for defendant.

The record in terms refers to the private way, and the location of the town way was "over said way substantially as the same is used and travelled." This extinguished the private way, or substituted therefor the way so located, and discontinued such portions of the private way as were outside the new location. Following the petition promoted by plaintiff, the city council

located Knight street directly upon the existing way for almost the whole distance of six hundred and ninety-five feet, only varying from it for about thirty feet before reaching plaintiff's land, and then continuing the same course instead of making an angle around the corner of the Hackett house. Interpretation of this record: *Goodwin* v. *Marblehead*, 1 Allen, 37, 40. Private right of way merged in the public easement: *Leonard* v. *Adams*, 119 Mass. 366. Damages allowed therefor: *Ford* v. *Co. Com.* 64 Maine, 408; *Bridge Corp.* v. *Lowell*, 15 Gray, 110. New way substituted for the old, as a whole, and portions outside, lying east of Knight street, discontinued. *Hyde Park* v. *Co. Com.* 117 Mass. 422. Record shows such was the intention. Same result in straightening crooked ways: *Cyr* v. *Dufour*, 68 Maine, 499; *Bowley* v. *Walker*, 8 Allen, 22. Plaintiff renounced his easement and by his acts is estopped: *King* v. *Murphy*, 140 Mass. 254, and cases cited; *Dyer* v. *Sanford*, 9 Met. 395; *Pope* v. *Devereux*, 5 Gray, 409; *Canny* v. *Andrews*, 123 Mass. 155; *Corning* v. *Gould*, 16 Wend. 531; *Crain* v. *Fox*, 16 Barb. 184; *Snell* v. *Levitt*, 110 N. Y. 595; *Curtis* v. *Noonan*, 10 Allen, 406; *Smith* v. *Lee*, 14 Gray, 473, 480; *Taylor* v. *Hampton*, 4 McCord, 96; *Liggins* v. *Inge*, 7 Bing. 682, 692.

Construction of defendant's deed: Its terms are not "subject to a way" but to "a right of way." It was conceded that same clause in plaintiff's deed of 1866, did not imply a location then made, but that one was to be made after the grant by the parties.

*A. R. Savage and H. W. Oakes*, for plaintiff.

VIRGIN, J. This is an action on the case for obstructing a private way claimed by the plaintiff across the northwest corner of the defendant's lot lying next south of the plaintiff's.

We do not think that the refusal to give the defendant's requested instruction, relating to the alleged effect of the location of Knight street upon the private way in controversy, afforded him any cause for complaint. It was not based upon facts proved. The street was not located and built substantially

upon the location of the plaintiff's passage way to his mill.   To be sure, so far as the passage way extended along the western line of the "acre lot" (if at all) the street covered the same territory ; but so much of it as extended east of that line to the plaintiff's mill was entirely outside of and away from Knight street.

Whether, if the street had extended over the whole distance of the passage-way, the latter, having been acquired by express grant, would have become extinguished is not certain ; though so much of it as was actually covered by the street might perhaps become merged therein and be revived whenever the street should be discontinued.   *Reg.* v. *Chorley*, 12 Q. B. 515 ; *Leonard* v. *Adams*, 119 Mass. 366, 368 ; Godd. Ease. 75, 76, 445.

Undoubtedly in straightening public ways by alterations authorized by R. S., c. 18, such strips of land in an old location as are not covered by the new, would become *ipso facto* discontinued.   Such is the natural and desired object sought by the proceeding.  *Cyr* v. *Dufour*, 68 Maine, 492, 499.   So under statutory provisions "towns may discontinue private ways."  R. S., c. 18, § 17.   But the private ways therein referred to are such only as the municipal officers are authorized, after due preliminary proceedings, to "lay out, alter or widen" by R. S., c. 18, § 14, and not those which are created by express grant.   If the plaintiff's passage-way were one of necessity simply, the location of the street along the western line of the plaintiff's land, would operate a discontinuance of it across the defendant's land, on the well-settled doctrine that the necessity from which the way resulted having ceased, the right of way ceased.   *Whitehouse* v. *Cummings, ante* p. 91.

The mere fact that, the street was laid out and built at the instigation of the plaintiff who would be benefited by it, would not of itself be conclusive evidence of his abandonment of his passage-way.   Whether or not there was an abandonment on his part depended largely upon his intention which must be shown by evidence of such facts as clearly indicate it.  *Jamaica P. & A. Corp.* v. *Chandler* 121 Mass. 3 ; *King* v. *Murphy,*

140 Mass. 254. In the case at bar the street was not laid out between termini of the passage. Moreover no question of abandonment was raised at *nisi prius.*

First exception. Knight's deed, of April 20, 1866, to the plaintiff conveyed not only the land therein described, but "also, the right of passage-way for himself and others, with or without teams, from the county road to the aforegranted premises in the most direct and convenient place." Knight's deed, of September 21, 1885, to the defendant of the land adjoining on the south that conveyed to the plaintiff above-mentioned, contained the clause : "Said premises are subject to a right of way granted by said Knight to said John E. Tibbetts, by the aforesaid deed of April 20, 1866."

This language contains no intimation that. the way thus defined in general terms had been located in fact by Knight and the plaintiff ; and independent of the facts elicited at the trial, it could have no special significance upon that question. But one of the principal issues submitted to the jury by the parties was — whether the passage-way, mentioned in Knight's deed to the plaintiff, was ever located by the parties thereto across the northwest corner of the land conveyed by Knight to the defendant. The plaintiff claimed that it was thus and there located immediately after the receipt of his deed. On the other hand, the defendant contended that the way was over the land directly west of the plaintiff's,— then owned by Knight and now covered by Knight street,— and that it did not touch the land retained by Knight and subsequently conveyed to the defendant in September, 1885. In addition to various items of evidence bearing upon that issue, the presiding justice called the attention of the jury to the clause above quoted in Knight's deed to the defendant, and among other instructions, gave the one to which exception was taken.

We think the defendant has no cause for complaint. The grantee in a valid and operative deed poll under which he desires and enjoys a title by its acceptance, becomes bound by the restrictions, limitations, reservations and exceptions contained in it ; and it does not lie in his mouth to impeach it or

reject the burden it imposes. *Winthrop* v. *Fairbanks*, 41 Maine, 307 ; *White* v. *Bradley*, 66 Maine, 254, 256. While the language itself had no particular significance in establishing the alleged fact of location of the private way, nevertheless when taken in connection with the other facts relating to the issues — that the way did not touch the defendant's land, his deed contained an admission that he was in error. And as the way over the northwest corner of his land, was the only one which had ever existed from the plaintiff's mill, the jury might well be told that, the clause in the deed was important evidence on the question.

The second and fourth exceptions were not pressed at the argument.

*Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.