INHABITANTS OF TOWN OF GEORGETOWN

*vs.*

WALTER E. REID, INDIVIDUALLY AND AS TRUSTEE FOR
EVERETT H. REID AND RAYMOND REID.

Sagadahoc.      Opinion, April 6, 1934.

*John P. Carey*, for plaintiff.
*Harry C. Wilbur*, for defendant.

Sitting: Pattangall, C. J., Dunn, Sturgis, Barnes, Thaxter, Hudson, JJ.

Pattangall, C. J.   Action of debt to recover tax on real estate under the provisions of Sec. 64, Chap. 14, R. S. 1930. Referred under Rule of Court with right of exceptions reserved. Referee found for defendant. Plaintiff filed written objections to acceptance of report, setting forth the reasons therefor and, being overruled, seasonably excepted.

The defenses raised before the Referee were (1) that the property was insufficiently described, (2) that defendant was not the owner of certain lots which were included in the assessment, and (3) that the tax was assessed against "Walter E. Reid for Everett H. Reid and Raymond Reid."

In his brief, defendant's counsel raises another defense, not suggested below, namely that no proof was offered in support of the necessary allegation in plaintiff's writ that written direction was given by the municipal officers authorizing the bringing of the suit. That issue was not raised before the Referee, who apparently regarded it as a fact agreed upon because his sole reason for deciding in defendant's favor was that "as a matter of law the Assessors did not make a legal assessment of taxable property of this defendant in accordance with the statutes in such cases made and provided." Under these circumstances we do not feel that this somewhat belated defense needs to be considered here, plaintiff's exceptions relating solely to the finding quoted above.

The report does not make clear in just what respect the Referee found the assessment illegal, but the only defects argued before him were the three first above mentioned. We may, therefore, reasonably conclude that he regarded one or more of them as decisive against plaintiff.

Taking them in order, we find that on the authority of *Cressey* v. *Parks*, 76 Me., 532; *Rockland* v. *Ulmer*, 84 Me., 503, 24 A., 949; *Rockland* v. *Farnsworth*, 111 Me., 315, 89 A., 65; *Town of Milo* v. *Milo Water Co.*, 131 Me., 372, 163 A., 163; and *Bucksport* v. *Swazey*, 132 Me., 36, 165 A., 164, it is not necessary in this form of action that the assessment contain a particular description of the property assessed or that separate valuations should

be made in case there are several parcels as in a case where forfeiture might ensue.

Nor is the defense that there was included in the assessment property not in fact owned by the taxpayer open to him in these proceedings. If he had not been at the time of the assessment an inhabitant of the plaintiff town and thereby not subject to the jurisdiction of its assessors, this defense might be tenable. *Ware* v. *Percival*, 61 Me., 391 ; *McCrillis* v. *Mansfield*, 64 Me., 198. As it is, if land was taxed to him which he did not own or of which he was not in possession, in addition to that which he did own or possess, it was merely an over-valuation of his property. An over-valuation may consist in assessing to a person property which he does not own as well as in estimating too highly that which he does own, *Bath* v. *Whitmore*, 79 Me., 182, 9 A., 119, and over-valuation is not a defense to this action.

There remains then only the criticism that assessing the tax against "Walter E. Reid for Everett H. Reid and Raymond Reid" excuses the non-payment of the tax. It appears that in 1930 Walter E. Reid was an assessor of the plaintiff town and that it was under his direction that this method of designating the taxpayer was adopted. He testified that the property in question was in part owned by him and in part by his sons Everett and Raymond. He was a resident of the plaintiff town. His sons resided elsewhere. Apparently the peculiar entry in the assessment was made as a matter of convenience. It did not affect the amount of tax paid. No one suffered injustice by it. Without doubt, upon request of defendant and information furnished by him, the assessors would have made an assessment in exact accordance with ownership. At present, defendant, being in possession of the property, is liable for the tax and the fact that he caused a somewhat misleading entry to be made in the records of the town furnishes no excuse for refusing to pay it.

*Exceptions sustained.*