Young, Admr., *v.* Bradford County Telephone Company, Appellant.

Argued April 17, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*William M. Rosenfield*, with him *Hopkin T. Rowlands* and *Owlett & Webb*, for appellant.

*J. Roy Lilley*, with him *Joseph W. Beaman* and *William P. Wilson*, for appellee.

PER CURIAM, June 30, 1944:

Defendant appeals from judgment on a verdict for plaintiff in an action on a sci. fa. sur mortgage. The case was tried before a jury in accord with our opinion filed when it was here the last time, reported in 341 Pa. 394, 19 A. 2d 134. We stated the question for determination to be whether defendant had sufficient bona fide surplus, when the notes and mortgage were executed and delivered to Packard, to render them valid. It was a question of fact. Both sides submitted evidence on the issue. The testimony was conflicting. The jury found the fact in accord with plaintiff's contention and its verdict is conclusive.

Defendant's assignment complaining that his motion for judgment n. o. v. was denied, must be overruled; his argument appears to concede that there was *some* surplus from which it would follow that to *some* extent at least, the mortgage was valid; obviously, therefore, defendant's motion could not be granted. The assignments

complaining of trial errors, and of instructions to the jury, must also be overruled,; we have found no prejudicial error. The learned trial judge said, in his opinion overruling the motion for a new trial, that the evidence satisfied the court, as it had satisfied the jury, that an honest indebtedness existed and that a surplus more than sufficient to pay it existed when the mortgage was given and that the verdict of the jury was therefore in accord with the evidence. In passing, it may be added that even if a surplus of only $30,000, the amount of the mortgage, had been shown to have existed on November 1, 1929, when the securities were issued, it would have been sufficient to validate the notes and mortgage given to Packard and to justify the verdict. This follows from the fact that by the agreement between Packard and Murphy, the notes and mortgage were made a security superior to the stock issued to Murphy; because, as Murphy was buying Packard's stock, it was incumbent upon him to assure Packard's receiving a good and valid consideration even though, in order to effectuate that purpose, the validity of the stock which he himself was receiving from the company would be nullified in whole or in part.

The judgment is affirmed.