**TOWNS et al. v. ALTMAN.**
Civil Action No. 1176.

District Court, E. D. Wisconsin.
Nov. 1, 1944.

Kersten & McKinnon (by Charles Kersten), of Milwaukee, Wis., for plaintiffs.

Giles F. Clark and Frank P. Burke, both of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

This action arose as a result of a collision between an automobile owned and driven by plaintiff Howard Towns and a truck owned and driven by defendant Altman. The four co-plaintiffs of Howard Towns were passengers in his automobile. By a special verdict the jury found the defendant Altman negligent in respect to keeping to the right side of the paved portion of the highway, and that such negligence was a proximate cause of the collision. The jury also found that plaintiff Howard Towns was negligent in respect to speed, in respect to management and control of his automobile, and in respect to keeping to the right side of the paved portion of the highway, and that such negligence was a proximate cause of the collision. The jury found 75% of the negligence attributable to plaintiff Howard Towns, and further found that none of the four passengers was guilty of contributory negligence.

No motions upon behalf of plaintiff Howard Towns have been presented, and that part of the complaint setting forth his cause of action against the defendant will be dismissed with costs.

Plaintiffs Emily Golewicz Towns, Raymond Golewicz, Agnes Golewicz, and Mike Glod move for judgment upon the verdict. Defendant moves for changes in the answers made by the jury to various questions in the special verdict, and in the alternative for a new trial. All of said motions by the defendant for relief from the verdict and for a new trial will be denied, and the motions of all plaintiffs except Howard Towns for judgment upon the verdict will be granted.

Defendant moves that in the event that his motion for relief from the verdict and for a new trial be denied, his answer be amended so as to contain a cross claim on his behalf against plaintiff Howard Towns for contribution as a joint tortfeasor, and for judgment against plaintiff Howard Towns for contribution on such answer, as amended, and on the trial of the issues therein, said issues having been tried by express or implied consent of the parties.

Rule 15(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; * * *." I am of the opinion that defendant's motion should be granted. Confronted with an analogous situation the Supreme Court of Wisconsin in Haines v. Duffy, 206 Wis. 193, 198, 240 N.W. 152, 154, ruled: "Where the record discloses all the facts which entitle one of the defendants to contribution from the other, it is but a shortcut to the attainment of the ends of justice to treat the pleadings as amended and to award judgment for contribution."

The defendant may prepare, serve and file the formal amendment to his answer, and after this has been done, an order will be signed for judgment for contribution.