Parker *v.* Yellow Cab Company, Appellant.

Argued November 21, 1957. Before JONES, C. J., CHIDSEY, MUSMANNO, JONES and COHEN, JJ.

James J. Leyden, with him Tom P. Monteverde, Josephine H. Klein, and Schnader, Harrison, Segal & Lewis, for appellant.

Bernard J. Smolens, with him John J. McDevitt, 3rd, for appellant.

Michael C. Rainone, with him Richard E. Ruane, for appellee.

OPINION BY MR. JUSTICE MUSMANNO, January 6, 1958:

On December 7, 1954, Lois A. Parker, the plaintiff in this case, was a passenger in a taxicab travelling northeastwardly on Victory Road in Philadelphia. The point at which Victory Road enters Lansdowne Avenue at a 45 degree angle is marked by a "Stop" sign. On the day indicated the taxicab stopped at or near this sign when an automobile being driven by Peter Chiarlone struck it in the rear. Witnesses differ as to whether the cab stopped once or twice before the rear-end collision. The plaintiff's version is that the cab stopped once, but with such suddenness that she was hurled forward and, while in the throes of this violence, the cab was struck from behind and she was

now thrown back, suffering still further serious physical injuries.

Miss Parker brought suit against the cab company and Peter Chiarlone. At the ensuing trial, the jury returned a verdict in her favor against both defendants in the sum of $20,000. The Yellow Cab Company asks for judgment n.o.v. or a new trial. The defendant Chiarlone seeks a new trial.

Counsel for the cab company argues that when their driver, Ralph A. Gatto, stopped just before the colli· sion he "clearly was not negligent; on the contrary, he was simply doing what the law required." One may obey the law in one phase and violate it in another. A "Stop" sign proclaims the need for a halt, but it does not demand that the halt be precipitant. A motorist does not observe the law of the road when he bears down on a Through Highway with immoderate speed and then suddenly freezes his car to a standstill. A sudden cessation of movement could possibly achieve, under certain circumstances, a greater hazard than moving forward under control.

Victory Road merges into Lansdowne Avenue at such an angle that one driving in the direction the cab was travelling would not be able to see traffic moving from his left on Lansdowne unless he faced completely to the left. It would thus be incumbent upon a driver making such an approach to Lansdowne to decelerate before reaching the "Stop" sign so as to be able to safely stop if a car should be moving from left to right on Lansdowne. Gatto did not do this. Considering the inherent hazards in such a situation, the jury could well have found that proceeding at 35 miles per hour was a dangerous speed. Certainly it was so regarded by the passenger plaintiff who requested Gatto to take heed.

Gatto ignored the warning of his passenger as well as the potential perils of the intersection and continued at the speed of 35 miles per hour until within three feet of the "Stop" sign when he threw on his brakes suddenly. In doing so he collided with Section 1012 of The Vehicle Code, Act of May 1, 1929, P. L. 905, 75 P.S. §571, which provides: "The driver of any vehicle upon a highway, before starting, *stopping* or turning from a direct line, shall first see that such movement can be made in safety, and, if any pedestrian may be affected by such movement, shall give a clearly audible signal by sounding the horn, and whenever the operation of any other vehicle approaching or *following* may be affected by such movement, shall give a signal, as required in this section, plainly visible to the driver of such other vehicle of the intention to make such movement."*

There is no merit to the motion for judgment n.o.v. The record amply substantiates negligence on the part of the cab driver with regard to speed, sudden stoppage, and care required in transporting a passenger for hire.

The Yellow Cab Company argues that if it is not entitled to judgment n.o.v., then it should have a new trial because, it alleges, the case was not submitted to the jury on a theory consistent with the facts and with the eventual finding of the jury. The cab company had no right to have the case submitted to the jury on a theory which it did not plead, on which it did not present evidence, and on which it did not ask the Court to charge.

The appellant cab company says in its brief: "After reviewing the testimony, the trial judge said: '. . . If the taxicab stopped only once, wherever it was, . . . if

---

* All emphasis by italicization in this opinion has been supplied by the opinion writer for clarity.

it was standing there and the other car ran into its rear, you can't possibly say that the cab driver was negligent. He was stopped, and the law says he had to be stopped because of the sign . . . So in that case the taxi driver would not be careless and you may not find a verdict against the Yellow Cab Company.' There was no objection or exception to this charge that the Cab Company could not be held liable on either the plaintiff's or Gatto's version of the accident. Accordingly, the verdict against the Cab Company cannot stand unless Chiarlone's version of the accident convicted Gatto of actionable negligence."

In short, the cab company contends that since the Trial Court said there could be no recovery if the cab stopped only once and the plaintiff did say that the cab stopped but once, the cab company is exonerated of all blame for the accident. But the cab company's brief quoted only part of the Judge's charge in this respect. What the Judge said was: "If the taxicab stopped only once; wherever it was, whether it was at the sign or back of the sign or ahead of the sign, *if there was an effective space ahead of the sign between it and Lansdowne, if it was standing there* and the other car ran into its rear, you can't possibly say that the cab driver was negligent."

It will be noted that the Trial Judge said that if the cab stopped only once, *and* it was *standing* there and the other car ran into its rear, the cab driver would not be negligent. But the plaintiff did not say that the cab was *standing* there. She testified as follows: "As we approached the stop sign at Victory Avenue and Lansdowne Avenue, I noticed the cab was going a little fast. I expressed this to the driver, and we made a sudden stop at Victory Avenue where the stop sign was, and it just a moment later that the car behind us smashed into our cab. *It happened very fast.*"

When the Trial Judge said there could be no recovery against the cab company if the cab was *standing there* he was obviously giving the cab driver's version as to how the accident occurred. Gatto testified that he stopped three feet behind the "Stop" sign and waited there because the traffic on Lansdowne Avenue, into which Victory Road runs, was heavy and swift and, therefore, in his own words, he "set there." Of course, if he was hibernating there while waiting for traffic on Lansdowne Avenue to pass by, which, incidentally, according to Chiarlone, did not exist at all, and he was struck in the rear by another car, the cab company indeed would not be liable, as the Trial Judge well said.

But the plaintiff, of course, as already indicated, testified that there was no tarrying: the cab stopped and in the next instant the rear car struck. In relating the plaintiff's version, the Trial Judge said: "Not long after she had spoken to the driver about his speed he stopped and *instantly* thereafter the cab was run into from behind, and she was thrown forward and then back on to the springs when the seat was thrown off its moorings. That's her version of it."

Later, the Trial Judge repeated this version in other language: "But it is important because she said, in effect that there was one stop of the taxi cab and the taxi cab was hit in the rear *at once* after it stopped." Obviously if that is the way the accident happened, the cab company was at fault.

Chiarlone gave a third version as to how the accident developed. He said that he was following the cab at a safe distance, that the cab stopped at the "Stop" sign and he also stopped, that then the cab started up again and stopped again, and that is when Chiarlone's car hit the cab. The Court carefully explained all these three versions to the jury and at the end of the

charge directed: "Decide what happened, then decide who was careless."

The testimony was conflicting but the jury, after deliberation, found the cab company and Chiarlone guilty of negligence. In *Young v. Bradford Co. Tel. Co.*, 350 Pa. 62, 63, we said: "The testimony was conflicting. The jury found the fact in accord with plaintiff's contention and its verdict is conclusive."

Counsel for the cab company in his brief and in oral argument devoted considerable attention to what he regarded as inconsistencies in the plaintiff's account of the accident and what caused it, but we have often said that "the credibility of the witnesses and resolution of the conflict in their testimony was for the jury." *Shields v. Larry Constr. Co.*, 370 Pa. 582, 585. Also, in *Stevenson v. Pa. Sports & Enterprises*, 372 Pa. 157, 162, this Court said: "Where in one part of a plaintiff's testimony he is entitled to have his case submitted to the jury, and in another he is not, it is for the jury to reconcile the conflicting statements."

Counsel for Peter Chiarlone argues for a new trial on the basis of a quoted excerpt from the charge and the assertion that the Court did not charge on burden of proof or proximate cause. A court's charge must be considered in its entirety. We are satisfied that, so considered, it covered all essential phases of the case adequately.

Affirmed.