Abe L. WEINSTEIN, Plaintiff,

v.

Joel STRYKER, Defendant and Third-Party Plaintiff,

v.

LEAMAN TRANSPORTATION CORP., Maurice Long and Robert Patton, Third-Party Defendants.

Civ. A. No. 32637.

United States District Court
E. D. Pennsylvania.

April 27, 1967.

Morton B. Weinstein, Philadelphia, Pa., for plaintiff.

Peter P. Liebert, 3rd, Liebert, Harvey, Bechtle, Herting & Short, David F. Kaliner, Philadelphia, Pa., for defendants.

OPINION

FULLAM, District Judge.

This case involves a chain collision on the Schuylkill Expressway. Plaintiff was driving the second car in the chain, defendant was driving the lead car, and the third-party defendant was driving the third vehicle. Plaintiff's evidence was to the effect that the defendant stopped suddenly without signal, necessitating an emergency stop by the plaintiff, a foot or two away from actual contact with the defendant's vehicle; and that, immediately thereafter, third-party defendant's truck struck plaintiff's vehicle and drove it into defendant's vehicle. The jury returned a verdict in favor of the plaintiff in the sum of $1,650, holding both the defendant and the third-party defendant jointly liable for plaintiff's damages.

Presently before the court are plaintiff's motion for a new trial because of alleged inadequacy of the verdict; defendant's motion for judgment n. o. v.; defendant's motion to have the judgment marked "satisfied"; and third-party defendant's motion to amend the form of the judgment. The latter two motions stem from the fact that the third-party defendant had previously paid plaintiff $5,000 and had obtained a joint tortfeasors' release.

I.

If plaintiff's right to recover damages were clear, and if his uncontradicted evidence as to the extent of his injuries, etc., were altogether convincing, the $1,650 verdict would undoubtedly be inadequate. Unfortunately for the plaintiff, however, liability was extremely doubtful, and there were glaring weaknesses and discrepancies in the damage testimony. The jury could properly have compromised on either or both of these issues. Elza v. Chovan, 396 Pa. 112, 152 A.2d 238 (1959). For example, plaintiff himself testified that he had been following the defendant's vehicle for some distance at speeds between 45 and

**36**

50 miles per hour, with the front of his vehicle only two car lengths behind the rear of the defendant's vehicle. Thus, a serious question of contributory negligence was presented for the jury's consideration, even if the jury accepted plaintiff's testimony that his car did not collide with the defendant's until after plaintiff's car was struck from the rear. And, of course, the jury did not have to accept plaintiff's testimony in this, or any other, respect. Karcesky v. Laria, 382 Pa. 227, 114 A.2d 150 (1955).

On the question of damages, plaintiff's evidence was that he had suffered a cervical strain as the result of the accident. His medical expenses totalled $808.65. But the jury may well have found incredible plaintiff's testimony that he was totally disabled for a year and a half after the accident. His own orthopedist cleared him as fit to return to work on at least a part-time basis at the time of his final treatment on August 15, 1961. His last visit to his family doctor occurred on December 1, 1961. Nevertheless, plaintiff claimed to have been totally disabled until June 1, 1962, at which time he went on the payroll of a corporation of which he and his wife were two-thirds owners.

■ In short, this verdict represents a jury's conscientious attempt to resolve a number of factual issues as to which reasonable minds might well hold widely divergent views. This is precisely the kind of case where the grant of a new trial would be as unjust to some of the parties as refusal of a new trial would be to others, with no real likelihood of a better result on retrial. Carpenelli v. Scranton Bus Co., 350 Pa. 184, 38 A.2d 44 (1944).

## II.

■ Defendant's motion for judgment n. o. v. asserts that plaintiff was guilty of contributory negligence as a matter of law, and that no causal relationship was shown between any negligence of the defendant and the happening of the accident.

■ While the plaintiff did come very close to convicting himself of contributory negligence as a matter of law, I believe it was proper to submit that issue to the jury for its determination. See Toff v. Rohde, 208 Pa.Super. 411, 222 A.2d 434 (1966). Plaintiff's estimate of the distance between his vehicle and the defendant's, if accurate, would seem to establish that he was guilty of following too closely. On the other hand, his testimony that he managed to bring his vehicle to a stop without colliding with the defendant's car might justify a contrary inference. Moreover, I consider it proper to recognize that some people are more accurate estimators of distances than others; such evidence is rarely so definite and reliable as to enable the court to regard the facts as established as a matter of law. It must be remembered that, at the present stage, the evidence and all associated reasonable inferences must be viewed most favorably to the verdict winner. Connolly v. Philadelphia Transportation Company, 420 Pa. 280, 216 A.2d 60 (1966).

Defendant's second argument must also be considered in the light of this principle. The jury could properly have considered that the defendant's sudden and unannounced stopping of his vehicle set into motion the chain of events which produced the plaintiff's damages; that is, that the defendant's sudden stop was a substantial factor in bringing about the collision between the truck and the plaintiff's car and the resulting, nearly simultaneous, collision between plaintiff's car and the defendant's.

It is correct that the record does not disclose where the third-party defendant's truck was at the time defendant stopped. But this is merely another way of stating that the record does not afford a sufficient basis for concluding that the negligence of the truck driver was the superseding cause of the accident.

■ All of these issues of causation were properly submitted to the jury for determination. Compare Huey v. Blue Ridge Transportation Co., 350 Pa. 488,

39 A.2d 602 (1944); Parker v. Yellow Cab Co., 391 Pa. 566, 137 A.2d 317 (1958).

### III.

■ Under the provisions of the Uniform Contribution Among Tortfeasors Act, July 19, 1951, P.L. 1130, Pa.Stat. Ann. tit. 12, §§ 2083–2086, as interpreted in such cases as Daugherty v. Hershberger, 386 Pa. 367, 126 A.2d 730 (1956), it is clear that the defendant is entitled to have the judgment marked "satisfied", since the plaintiff has already received from one of the joint tortfeasors the sum of $5,000, and the verdict is only $1,650.

### IV.

■ The third-party defendant, having paid $5,000 before trial and having obtained the joint tortfeasors' release referred to above, now moves to have the judgment molded in such a way as to include a judgment in favor of the third-party defendant and against the defendant for contribution in the sum of $825, representing the defendant's pro rata share of the damages. It is the position of the defendant that this issue must be raised in a separate action, as in such cases as Mong v. Hershberger, 200 Pa. Super. 68, 186 A.2d 427 (1962), since no such claim has been made by the third-party defendant in its pleadings or otherwise in this action. See Towns v. Altman, 4 F.R.D. 142 (E.D.Wis.1944).

However, it is clear that the issue of joint liability was actually presented to and passed upon by the jury, without objection from anyone, and the court is therefore required by Fed.R.Civ.P. 15(b) to treat the matter as though the pleadings had been so amended. Mazer v. Lipschutz, 360 F.2d 275 (3d Cir. 1966); Securities and Exchange Commission v. Rapp, 304 F.2d 786 (2d Cir. 1962). Further litigation of this issue would represent merely pointless duplication of effort.

Plaintiff's motion for new trial denied; defendant's motion for judgment n. o. v. denied; the clerk directed to mark judgment in favor of plaintiff satisfied and against defendant satisfied; clerk directed to enter judgment in favor of third-party defendant and against defendant for contribution in sum of $825.