Charles NAGLIS

v.

**WATERMAN STEAMSHIP CORPORA-TION, Appellant,**

v.

**NORTHERN METAL COMPANY (Third-party Defendant).**

**No. 16823.**

United States Court of Appeals Third Circuit.

Argued Jan. 16, 1968.

Decided Feb. 29, 1968.

Harrison G. Kildare, Rawle & Henderson, Philadephia, Pa. (Thomas F. Mount, Philadelphia, Pa., on the brief), for appellant.

Joseph P. Briglia, Fine, Staud & Silverman, Philadelphia, Pa., for appellee, Charles Naglis (Aloysius J. Staud, Philadelphia, Pa., on the brief).

John B. Brumbelow, Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for appellee, Northern Metal Company.

Before HASTIE, Chief Judge, GANEY, Circuit Judge, and WEINER, District Judge.

### OPINION OF THE COURT

GANEY, Circuit Judge.

The plaintiff here and another longshoreman were loading large drums of

oil aboard the SS MAIDEN CREEK, owned and operated by the Waterman Steamship Corporation while the ship was docked at the Northern Metal pier, Philadelphia. The plaintiff's cause of action alleged that while he was loading these drums of oil on landing mats, the landing mat broke and one of the drums began to sink through the mat, rolled over and pinned the plaintiff between it and the sweatboards causing injury to his arm and especially his elbow. This testimony was corroborated by one Andruschuk who was working with the plaintiff in the loading of the drums and he testified that he saw the drum sink into the mat and roll toward the plaintiff, but did not see the actual striking.

A third-party complaint was filed by the Waterman Steamship Corporation against Northern Metal Company alleging that the plaintiff's injuries to the extent that they were due to any unseaworthy condition of the vessel or to the negligence of those in charge of the vessel, were caused or brought into play by the negligence of the Northern Metal Company through its agents, servants or employees.

At the trial the jury saw three demonstrations of how the accident happened with a drum of similar size and after hearing all of the witnesses' testimony, it returned a verdict in favor of the plaintiff in the sum of $35,200 against the Waterman Steamship Corporation.

The record here discloses that there was sufficient evidence to warrant the finding of the jury of the defendant's liability, it being solely a jury question to resolve any possible conflict in the testimony. Parker v. Yellow Cab Co., 391 Pa. 566, 137 A.2d 317. While the amount of the damages determined by the jury here was high, since there was only a twenty-five per cent (25%) disability in the function of the elbow and arm, there was testimony that he could not do any heavy work by virtue thereof in his capacity as a longshoreman. We agree with the court below that, while the verdict was high, there was some warrant in the evidence for it and it was not so dis-proportionate as to warrant a new trial for damages.

In the third-party complaint, there is merely posed the conflicting testimony of two expert witnesses, one offered by the defendant, one offered by the third-party defendant. Here, again, the resolution of the testimony was for the jury and they believed the third-party defendant's expert, rejecting the testimony of the defendant's expert, and, as indicated above, this was solely a matter to be passed upon by the jury.

The judgment of the lower court will be affirmed.