**Barbara Phyliss REDLER, Appellant,**

v.

**NEW YORK LIFE INSURANCE COMPANY and Harriet S. Kandler.**

**No. 18521.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 20, 1970.

Decided Jan. 14, 1971.

Matthew T. Rinaldo, Rinaldo & Rinaldo, Elizabeth, N. J., for appellant.

Mark F. Hughes, Jr., Crummy & O'Neill, Newark, N. J., for appellees.

Before MURRAH,* FREEDMAN and VAN DUSEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Plaintiff, widow of the insured and beneficiary of the life insurance policy in suit, challenges an October 14, 1969, final district court judgment rescinding such policy delivered by the defendant corporation (shortly after January 20, 1965), entering judgment for the defendant and specifically finding and concluding that the insured, on January 14, 1965, knowingly made false answers to questions 3(c), 4(a), (b) and (c)[1] of

---

* Senior Circuit Judge of the Court of Appeals for the Tenth Circuit, sitting by designation.

1. These questions and answers in Part II of the Application for Life Insurance signed January 14, 1965, were as follows:
   "3": Have you (c) within the last 5 years had any x-ray, electrocardiogram or other diagnostic procedure ordered by a physician or practitioner? Yes, 1964—general check up and x-ray after auto accident

"4" Other than is stated in your answers to the preceding questions, have you in the last 5 years, so far as you know,

a) had any sickness, disease or injury? No

b) been admitted to, or advised to be admitted to a hospital or sanitorium or other similar institution? No

c) consulted any physician or practitioner for any reason, including routine check-up examination? Yes, 1964 gen-

the Medical Examiner, thereby committing an equitable and legal fraud upon the defendant, which relied upon such fraudulent answers.[2]

After careful consideration of the record, we have determined that the trial judge's finding of legal fraud was not clearly erroneous and we reject the plaintiff's contention on this issue.[3] For this reason, the district court judgment will be affirmed. See Urback v. Metropolitan Life Ins. Co., 130 N.J.L. 210, 32 A.2d 337 (E. & A. 1943); Gallagher v. New England Mutual Life Ins. Co., 19 N.J. 14, 114 A.2d 857 (1955); Parker Precision Products Co. v. Metropolitan Life Ins. Co., 407 F.2d 1070, 1073 (3d Cir. 1969), and cases there cited. Furthermore, we agree with defendant that Johnson v. Metropolitan Life Insurance Company, 53 N.J. 423, 251 A.2d 257, 263 (1969), concerned the right to rescind for false statements in an application for a health and accident policy after the incontestable clause became effective in view of the terms of N.J.S.A. 17:38–13.2 (A) and is inapplicable to this case, where the one-year incontestable clause had not become operative. See Russ v. Metropolitan Life Insurance Company, 112 N.J.Super. 265, 270 A.2d 759, Opinion of Nov. 9, 1970 (Law Division-Essex County); Nardiello v. North American

eral check-up and x-ray after auto accident.

The application contained this statement immediately before the insured's signature on Part II:

I HEREBY DECLARE that, to the best of my knowledge and belief, the information given in these "Answers to the Medical Examiner" is correctly recorded, complete and true, and I agree that the Company, believing it to be true, shall rely and act upon it accordingly.

2. The order also stated that the "fraudulent answers * * * were material misrepresentations." This diversity case was tried to the court, which found, on the basis of competent evidence, that on January 11, 1965, the insured's doctor examined a swelling under the insured's arm and had an x-ray taken of the area of the swelling on that date. He informed Redler that the swelling was probably a papiloma, or an excess breast, but that a further battery of tests would have to be made, requiring hospitalization. On or about January 11, 1965, the doctor arranged for Redler to enter the hospital for further tests. On January 13, 1965, Redler made application for the life insurance policy in question with New York Life and gave the insurance agent the first semi-annual premium due under the policy. On January 18, Redler had a further examination by Dr. Thaler and the hospital appointment was confirmed. The insurance policy in question was delivered to Redler sometime after January 20 by his insurance agent. At no time did Redler indicate to the agent or to the insurance medical examiner that he had been x-rayed on January 11, 1965, or was about to undergo any further tests. On January 28, the insured entered the hospital and, during his stay, the swelling was diagnosed as a variety of cancer, which caused his death on July 12, 1965. The testimony at trial showed that the policy was issued solely in reliance on these statements. The witnesses revealed that, had the company been advised that an x-ray had been taken on January 11, the company would have waited until after the results of the x-ray were received before issuance of the policy, and that, had the company been advised of the existence of the undiagnosed swelling, the policy would not have been issued until a diagnosis was made. These findings were not clearly erroneous. See F.R.Civ.P. 52(a).

Also, one of three paragraphs on the application for the policy immediately preceding the signature of the insured provided that the policy "shall [not] * * * take effect" until delivery "and then only if the written representations made in the entire application for insurance would be, without material change, at time of delivery of the policy, true and complete representations of the state, at that time, of those matters inquired about in such application."

3. In view of defendant's answer to interrogatory 39(h) stating "we submit that the evidence would permit the inference of intentional misstatement," and the discussion of the elements of legal fraud during the trial (N.T. 132–33), we reject plaintiff's contention that the "issue of 'legal fraud' was never pleaded, nor * * * tried at the trial court level." See F.R.Civ.P. 15(b), providing that "issues * * * tried * * * shall be treated in all respects as if they had been raised in the pleadings."

Life Ins. Co. of Chicago, Letter Opinion of 10/2/69 (Docket No. C1664–68, Superior Court of New Jersey).

Affirmed.