Joyce ROSENWALD and Rena Caplan, Individually and Just Kids by Joyce, a partnership, Plaintiffs,

v.

VORNADO, INC. and Two Guys, Defendants.

Civ. A. No. 75–1257.

United States District Court, E. D. Pennsylvania.

Feb. 13, 1976.

John W. Logan, Jr., Abington, Pa., for plaintiffs.

Karl L. Spivak, Philadelphia, Pa., for defendants.

### OPINION AND ORDER

FOGEL, District Judge.

Before this Court is Defendants' Motion for Leave to Amend Answer to Insert Counterclaim. The motion will be denied as untimely in light of the fact that trial of this matter was completed before this Court on January 19, 1976.

This action was instituted on May 2, 1975. Numerous conferences were held with counsel, who are sophisticated attorneys in the patent and copyright field,

in anticipation of trial, and all issues were thoroughly explored through the pretrial techniques, including an extensive joint pretrial order, which are employed and required by this Judge. Never, at any time prior to the filing of this motion after completion of the trial itself, was there any suggestion on the part of the Defendants, Vornado, Inc. and Two Guys, that they intended to file a counterclaim involving International Laminations, Inc. Indeed, it is significant that one of the questions raised at the pretrial conference was the possibility of joining International Laminations, Inc. as a third-party defendant, and Defendants conceded they would not be able to do so in this Court because of the fact that this Court would have no jurisdiction over that corporation. Hence, we must look to Rule 15(b) of the Federal Rules of Civil Procedure in connection with the disposition of their untimely motion, filed as it was, not only after the pleadings were closed and extensive pretrial procedures had been concluded, but, indeed, after completion of the trial itself.

Rule 15(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time . . . ."

Under this Rule, it is clear that Amendment post facto is permitted when a matter has actually been tried either by express or implied consent of the parties. Under such circumstances the Amendment conforms to the issues and this Court may decide the matters so tried. (See, e. g. *Redler v. New York Life Insurance Co.*, 437 F.2d 41 (3rd Cir. 1971); *Weinstein v. Stryker, et al.*, 267 F.Supp. 34 (E.D.Pa.1967).

In this case, however, the Defendants wish to add a Counterclaim against the Plaintiffs, on the basis that a third party not before the Court, International Laminations, Inc., had a complete defense to the Plaintiffs' charge of patent infringement. The introduction of any evidence on this point was ruled irrelevant at the time of trial based upon the pleadings *then* before the Court. Therefore, it is clear that the matter which is the basis of the Defendants' Counterclaim was not admissible because of the issues then framed by the pleadings.

In addition, it would be prejudicial to the Plaintiffs to permit such an Amendment at this time since the matter was not admitted into evidence at the trial and the Plaintiffs did not have an opportunity to present a defense. [See, *United States v. An Article of Drug*, 320 F.2d 564 (3rd Cir. 1963)]; *American Hot Rod Assoc., Inc. v. Carrier*, 500 F.2d 1269 (4th Cir. 1974). While it is true that there could be a defense to the Counterclaim, this Motion, filed as it has been, after the trial, would submit the Plaintiffs to a second trial, when it is clear that all of the facts were known to the Defendants at the time they filed suit, or certainly prior to the trial itself, and could have been made part of the case at the original time of the action.

Plaintiffs have objected to the Amendment and under all of the circumstances of this matter in the present posture, Defendants' Motion will be denied and an appropriate Order entered.