**Joseph BOUCHARD**

**v.**

**Lucien G. JACQUES.**

Supreme Judicial Court of Maine.

March 11, 1977.

LaFountain & Rovzar by Lloyd P. La-Fountain, Biddeford, Kettle, Zuckerman & Carter, P. A. by Lawrence J. Zuckerman, Donald L. Carter, Portland, for plaintiff.

Waterhouse, Carroll & Cyr by Robert N. Cyr, Peter L. Edmands, Biddeford, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE,* POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

DELAHANTY, Justice.

Plaintiff Joseph Bouchard instituted a civil action in the Superior Court (York County) against his son-in-law Lucien Jacques. On December 4, 1975 a jury found for plaintiff in the amount of $10,000.00. Defendant appeals from the judgment as well as from the denial of the defendant's motion for judgment notwithstanding the verdict.

We sustain the appeal.

The jury could reasonably have found the following facts: In 1966 Jacques and his wife Ruth (plaintiff's daughter) planned to build a house on Sunset Avenue in Biddeford. The parties orally agreed that the house would include an apartment for Bouchard and his wife, although the premises were to remain exclusively in the Jacques name. Plaintiff contributed $10,000.00, which both parties understood to represent the cost of building the apartment annex. Construction was completed in 1967, shortly after the death of Bouchard's wife.

Plaintiff moved into the apartment in June 1967, and he resided there until February 1968 when he was hospitalized for five weeks. Upon discharge from the hospital, he lived with his daughter Paulette until 1969 when he went to Florida for three months. He subsequently returned to the Sunset Avenue apartment where he resided for about one year. He then was hospitalized once again, and upon release he returned to Paulette's residence where he has continued to live up to the date of the trial. In 1970 he moved his furniture out of the apartment, and it stood vacant until 1973 when it was rented by defendant.

Plaintiff commenced this action in 1973. The original complaint for money lent was amended to include a breach of contract claim that defendant and his wife[1] had agreed to care and provide for plaintiff and his wife during their lifetimes as consideration for plaintiff's agreement to assume the expenses of building and maintaining the apartment annex, the "said apartment to be given to defendant upon the death of plaintiff and his wife." Bouchard claims that he has fulfilled his portion of the contract by payment of $10,000.00 for construction and $1,626.00 for maintenance. Defendant contended at the trial that no such agreement to provide support was ever reached, and that the funds expended for construction of the apartment were in the nature of a gift to defendant. On appeal, defendant asserts several points as error. We consider only the first ground since it is sufficient to require a new trial.

---

* Mr. Justice Weatherbee sat at oral argument and participated in conference but died before this opinion was adopted.

1. Defendant's wife, Ruth Jacques, was not made a party to this action.

**682**

At the close of all of the evidence, the court sua sponte advised the parties of its intention to amend the pleadings to conform to the evidence. M.R.Civ.P. 15(b).[2] The trial Justice, treating the issue as having been tried by implied consent, added a "no meeting of the minds" theory.[3] Defendant promptly objected to the court's insertion of this issue and moved for a continuance on the ground of "surprise," translated in his brief to "prejudice." The court granted defendant's motion and offered to reschedule the matter for trial de novo. However, defendant then declined the court's offer and chose instead to submit the case to the jury over his objection.

We test defendant's claim of prejudice by examining "whether he had a fair opportunity to defend and whether he could offer any additional evidence if the case were to be retried on a different theory." *deHaas v. Empire Petroleum Co.*, 435 F.2d 1223, 1229 (10th Cir. 1970) *quoting* 3 J. Moore, Moore's Federal Practice § 15.-13(2), at 993 (2d ed. 1974). We recently said in *Blue Spruce Co. v. Parent*, Me., 365 A.2d 797, 802 (1976):

[t]he mere fact that evidence presented at trial which is competent and relevant to the issues raised by the pleadings may incidentally tend to prove another fact not put in issue does not give rise to the application of Rule 15(b) and support a claim that the issue was tried by consent, unless *notice of the nonpleaded issue is given clearly during the course of the trial.* (emphasis added).

Applying the above tests to this case, we conclude that defendant would certainly have offered different evidence and attempted a different defense if the case were tried under the amended theory which allowed plaintiff to recover upon a jury finding of no meeting of the minds. Defendant had neither sufficient notice of the new issue nor ample opportunity to present a proper defense to it. Rather than serving to conform the pleadings to the proof, the court's amendment instead "inject[ed] a new and different issue as to which different and additional evidence would be relevant." *Chesapeake & Ohio Railway Co. v. Newman*, 243 F.2d 804, 812–13 (6th Cir. 1957). The facts of this case fit within neither the letter nor the spirit of Rule 15(b).

We recognize, in spite of defendant's assertion to the contrary in his brief to this

2. M.R.Civ.P. 15(b) provides:
(b) Amendments to Conform to the Evidence: When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

3. We note an indication in the record that the jury was given a verdict form in which they were presented with an alternative which recited: "We find for the plaintiff in the amount of ———— dollars as there was no meeting of the minds." We also note that before retiring the jury was instructed by the court as follows: 'If there was no contract, if you find that they really had not come to an agreement, the parties would be entitled to be restored to the status quo . . . ." Both the verdict form and the charge demonstrate that the trial Justice was in fact instructing the jurors that if they were to find no meeting of the minds, then they *must* find for plaintiff. The court was thereby precluding the jurors from the possibility of finding no meeting of the minds and yet allowing defendant to retain the money on a gift theory. Defendant's attorney seasonably objected not only to the amendment, but also to the verdict form and later to the court's instruction to the jury on the meeting of minds issue.

Court [4], that the issue of the existence of a contract was embraced in the case to some extent. It is apparent from the pre-trial memoranda of both parties, and the pre-trial order which incorporated those memoranda, that such was indeed an issue. The surprise and prejudice arise, however, not from the issue itself, but from the new theory of recovery under this issue which was injected by the trial Justice. Plaintiff's attorney, throughout the course of trial, was quite obviously attempting to prove that the parties had entered into a contract or "meeting of the minds" which was breached by defendant when he failed to provide care and support for his father-in-law. The trial record nowhere reveals the slightest indication that plaintiff was attempting to prove the *lack* of a contract. The defense, on the other hand, was just as clearly directed towards proving that no contract had been entered into, but that the money which was transferred to defendant was in the nature of a gift with no strings attached. To set up a situation whereby the jury, should it accept the defense of no contract, is forced to find not for defendant but for plaintiff, is indeed to interpose a new and different theory requiring a new and different defense from that which Jacques had presented. Such a theory was nowhere delineated in the pleadings and unquestionably came as a surprise to defendant (and probably to plaintiff as well) who was thus unprepared to meet it.

Plaintiff argues that even if one were to accept the assertion of unfair surprise, the court obviated any resulting prejudice when it granted a continuance and offered to reschedule the matter for a new trial. We do not agree.

There are two types of amendment to conform to the proof which are authorized under Rule 15(b). The first situation, clearly not present here, occurs when "evidence is objected to at trial on the ground that it is not within the issues made by the pleadings." This type of amendment rests within the court's discretion, and the trial Justice is specifically directed to grant a continuance if necessary to avoid prejudice.

■ The other type of amendment, and the one the trial Justice in this case was attempting to implement, occurs when issues are "tried by express or implied consent." The rule states that failure to amend the pleadings when an issue is so tried will not affect the result of the case. In other words, there is no penalty for failure to formally amend and a court may, as it did here, amend on its own motion. *See Downey v. Palmer*, 114 F.2d 116 (2d Cir. 1940); *Padgett v. Padgett*, 88 F.Supp. 630 (S.D.Fla.1950); *see generally* 6 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 1493 (1971). Under this portion of 15(b) there is *no* provision for a continuance to avoid prejudice, apparently on the theory that if in fact there is real and substantial prejudice, then it cannot reasonably be said that the issue was impliedly tried. No amendment is proper in such a case. *See* 3 J. Moore, *supra* at § 15.13(2). We believe this to be the situation here. The court, at the close of all of the evidence, inserted a theory which neither of the parties had recognized. To allow an amendment at such a late stage in the trial is substantially unfair; it would be "in hindrance of rather than in aid of justice." *Wallace v.*

---

4. Apparently to buttress his assertion that the court's amendment injected a new theory into the case, defendant argues in his brief on appeal that "it was quite frankly assumed by all parties that there was a contract." The statement is not substantiated by the record; it is clear that throughout the trial defendant was continually denying the existence of a contract and, in fact, he so stated in his pre-trial memorandum. It is well settled that a party cannot change his defense on appeal. *Frost v. Lucey*, Me., 231 A.2d 441 (1967); *Inhabitants of Town of Georgetown v. Reid*, 132 Me. 414, 171 A. 907 (1934); *Tibbetts v. Penley*, 83 Me. 118, 21 A. 838 (1890). We therefore do not consider the merit of this new contention.

*Knapp-Monarch Co.*, 234 F.2d 853, 860 (8th Cir. 1956). And to require defendant to submit to a second trial on the proposed new claim, under the guise of being a cure for prejudice, is equally prejudicial and injust, especially since all of the facts were known to Bouchard at the time he filed suit and the new theory could have been made a part of his original case. *See United States v. 47 Bottles, More or Less,* 320 F.2d 564 (3d Cir. 1963); *Rosenwald v. Vornado, Inc.*, 70 F.R.D. 376 (E.D.Pa. 1976).

■ Defendant timely objected when the new issue was introduced by the court and he also seasonably objected to the court's instruction to the jury on the issue. The record simply does not bear out the assertion that he impliedly consented to trial of the amended issue. Our recent language in *Blue Spruce, supra,* is particularly appropriate to this case:

Unless it may be implied that the parties did in fact, and without objection, litigate the issue not pleaded as though it were in the pleadings, then the rule does not apply. See *City of Winona v. Thompson,* 1881, 27 Minn. 415, 8 N.W. 148.

That the issue . . . was not *tried* in the trial court by express or implied consent of the parties within the meaning of Rule 15(b), M.R.C.P. is the unavoidable conclusion to be reached from the present record.

365 A.2d at 803.

Inasmuch as the court committed reversible error when it improperly ordered the pleadings amended, we have no cause to reach defendant's other contentions on appeal.

Appeal sustained.

All Justices concurring.