## HARKINS v. COOLEY *et al.*

1. Where, in an action by one claiming to be the owner of land to restrain a sheriff from selling the same under an execution against plaintiff's grantor, the answer alleges that the deed from plaintiff's grantor was fraudulently made with the knowledge of plaintiff, for the purpose of placing the property beyond the reach of the grantor's creditors, and the abstract shows, by setting out the pleadings in full and all amendments thereto, that the case was tried and submitted upon that issue, the evidence not being returned, a finding of the trial court that such deed constitutes a mortgage in favor of the plaintiff to secure him for the amount which the court finds was paid by him to his grantor is outside of, and foreign to, the issues litigated and submitted to the court for decision.

2.  A judgment based upon such finding cannot be sustained.

3.  The presumption in favor of the regularity and validity of the proceeding and judgment of the trial court, and that the questions decided were duly presented, cannot prevail as to any question which the abstract shows affirmatively was not presented.

(Syllabus by the Court.   Opinion filed April 3, 1894.)

Appeal from circuit court, Deuel county.  Hon. J. O. ANDREWS, Judge.

Action for an injunction.   Defendants had judgment, and plaintiff appeals.   Reversed.

The facts are stated in the opinion.

*Mellette & Case*, for appellant.

Where in an action to set aside a conveyance as fraudulent, there is a special finding of fact, the fraudulent intent must be found, or the conveyance will not be set aside.   Citizens Bank v. Bolen, 23 N. E. 146; Sickman v. Wilhelm, 29 N. E. 908.

To avoid a sale as in fraud of creditors both parties to it must be connected with the fraudulent design.   Beach on Modern Equity Jurisprudence, § 107; Sterling v. Ripley, 3 Pinney, 155; Hopkins v. Laughton, 30 Wis. 379; Fifield v. Caston, 12 Io. 218; Steel v. Ward, 25 Io. 535; Leach v. Francis, 41 Vt. 670; Jarger v. Kelly, 52 N. Y. 274; Bryne v. Becker, 42 Mo. 264; Erving v. Runkle, 20 Ill. 448; Pulte v. Getler, 11 N. Y. 385; Mehlhop v. Pettibone and wife, 54 Wis. 652; Perwit v. Wilson, 103 U. S. 24.

No appearance for respondent.

KELLAM, J.   The complaint in this action alleged that defendant Thompson was sheriff of Deuel county; that, under an execution against one Harkins he had levied upon and was proceeding to sell a certain described piece of land belonging to plaintiff, as the property of said Harkins; and asking the judgment of the court that he be restrained.   The answer denied that the land described was the property of the plaintiff, but alleged that it was the property of the said Harkins, and that he had conveyed the same by deed to said plaintiff without consid-

eration, for the purpose of and with intent to defraud his creditors, and particularly said defendant Cooley, the creditor upon whose judgment the said execution was issued, and that plaintiff conspired with him to commit such fraud. It admitted that defendants had levied upon and intended to sell the same as the property of said A. Harkins, under said execution. Among other relief prayed, they asked the judgment of the court that the deed from A. Harkins to the plaintiff be cancelled as fraudulent. Upon the trial the court submitted a number of questions of fact to a jury. Upon the answers returned both sides moved for judgment. Upon the hearing of such motions the court made and substituted findings of its own in the place of those returned by the jury. We say in the place of those returned by the jury, for, while there was no order setting aside the answers of the jury, or expressly substituting the findings of the court, the latter cover different grounds, and necessarily lead to different results. The findings of the jury would have entitled the plaintiff to judgment. Among others, the court found that "the deed made, executed and acknowledged, and delivered to William Harkins, the plaintiff herein, by A. Harkins and his wife, is a mortgage only to secure the sum of two hundred and forty dollars to the plaintiff herein, December 2, 1890;" and, as a conclusion of law, that defendant Cooley's judgment was a lien upon the land described, subject to such mortgage, and that such land might be sold subject thereto; giving judgment to the defendants against the plaintiff for costs.

The issue presented by the pleadings was the clean-cut question whether the deed from A. Harkins to the plaintiff was fraudulent as against the creditor Cooley. So far as disclosed by the record, that was the sole and only question which the parties desired to or did litigate. If issues other than those raised by the pleadings were in fact tried by consent of the parties it should be made to so appear, or at least the record should be in such condition as to allow such presumption. The language

of the court in City of Winona v. Minnesota Ry. Const. Co., 27 Minn. 427, 6 N. W. 795 and 8 N. W. 148, is pertinent to this case: "*Prima facie* the issues tried are those made by the pleadings. The parties may, by consent, try an issue not made by the pleadings—that is, they may, when they come to trial, waive the want of formal allegations in the pleadings as to a particular fact or state of facts, and, where they do so, the case is to be determined as it would be had such allegations been in the pleadings. Where there is no express or formal waiver, but it is to be gathered from the course of the trial, the record of the trial must make it appear very clearly that the parties did in fact and without objection litigate the issue not pleaded as though it were in the pleadings. Any other rule would be liable to operate as a surprise, and to work injustice. The record in this case does not make it appear that the issue in question was litigated at the trial." The pleadings upon which the case was tried, including an amendent to the answer made during the progress of the trial, are set out verbatim in the abstract, thus fairly excluding the presumption that the issues were otherwise changed. The finding that the deed from A. Harkins to plaintiff was in fact a mortgage was not only outside of any issue raised by the pleadings, or that could have been tried thereunder, but was alien to and inconsistent with the claim of either side. It was not responsive to any question submitted, or that could have been submitted, to the court for decision, under the pleadings upon which the case was tried. Mondran v. Goux, 51 Cal. 151, was an action in which plaintiff sought to have declared a resulting trust in his favor in certain real estate deeded to C. The complaint stated facts which, if true, would establish such trust. The trial court found that the plaintiff and C. were "partners in the purchase," and "equally interested as owners," and gave judgment for defendants. Upon appeal the supreme court reversed the judgment, saying: "The cause of action, if any, established by the findings, is wholly different from that averred in the complaint,

and is foreign to any issue raised by the pleadings." In Morenhout v. Barron, 42 Cal. 605, the court said: "A finding is useless and idle, unless the facts found are within the issues, and a judgment based upon such facts cannot be sustained." Devoe v. Devoe, 51 Cal. 543, was reversed for the same reason. In Gregory v. Nelson, 41 Cal. 278, it is held that a judgment should not declare the existence of facts which are not within the issues made or tendered by the pleadings, nor should it declare the judgment of the court upon such facts. It is true that where the record is silent, thus leaving room for such presumption, it will ordinarily be presumed in favor of the regularity and validity of the proceedings and judgment of the trial court that the court did only what it by right might do, and that it only made findings upon questions of fact actually litigated; but when the abstract purports to set out the pleadings in full, including all amendments made or allowed during the trial or afterwards, the license for the presumption that other issues were brought into the case, by further and different amendments of the answer, would seem to be cut off. This conclusion in this case is made almost unavoidable by the further fact that, of the nine special questions submitted by the court to the jury, not one of them submits or suggests the question whether the deed was intended to be an absolute conveyance of the title, or a security or mortgage only; nor does one of them submit or suggest a question the answer to which would throw any light upon such question, but all were based upon the assumption or theory that the deed was, and was intended to be, a full and absolute conveyance of the title and property, and the questions submitted covered only such matters as would go to show the honest or the fraudulent character of the transaction. Everything in the record points very directly to the conclusion that the only question presented by the pleadings, and the only question intended to be litigated, was whether the deed was fraudulent or not. Though the presumption of regularity is a general one, it cannot prevail against facts entirely

inconsistent with its indulgence.  Applying these views to this case, we are of the opinion that the judgment of the trial court, founded upon such pleadings, must be reversed; and it is so ordered.   The case is remanded for a new trial.