**BLUE SPRUCE COMPANY**

v.

**E. H. PARENT.**

Supreme Judicial Court of Maine.

Nov. 4, 1976.

---

Floyd L. Harding, Presque Isle, for plaintiff.

William J. Smith, Van Buren, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE,* POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

DUFRESNE, Chief Justice.

Blue Spruce Company, the plaintiff, in a complaint on account annexed, sought to recover the sum of $8,462.73 from the defendant, E. H. Parent, in the District Court, District II, Division of Central Aroostook. The plaintiff Company's claim was for the purchase price of certain chemicals sold and delivered to the defendant. The issue was joined and the case proceeded to trial upon the defendant's general denial, no affirmative defenses being set forth in any responsive pleading as required by Rule 8, District Court Civil Rules, which provides that Rule 8 of the Maine Rules of Civil Procedure governs procedure in the District Court so far as applicable.[1] Following the receipt of testimonial and documentary evidence, the Dis-

---

* WEATHERBEE, J., sat argument and participated in consultation, but died prior to preparation of opinion.

1. Rule 8, M.R.C.P., in pertinent part, states as follows:
8(c) Affirmative Defenses.
"In pleading to a preceding pleading, a party *shall set forth affirmatively* accord and

satisfaction, . . . *illegality*, . . . and any other matter constituting an avoidance or affirmative defense. . . . ."
(Emphasis provided)

trict Court Judge awarded judgment to the plaintiff in the full amount prayed for.

Upon the defendant's request pursuant to Rule 52, D.C.C.R.,[2] the District Court Judge adopted practically in toto suggested findings filed by the plaintiff with the Court. These findings supported the plaintiff's contention that the dealings between the parties resulted in a contract of sale, thus rejecting the defendant's argument that the agreement entered into was only one of consignment.

Pursuant to Rule 52(b), D.C.C.R.,[3] the defendant then filed with the Court a motion to have the previous findings of fact and conclusions of law amended, suggesting for the first time on this record, as an alternative to the finding of no consignment, the following findings of fact and conclusions of law, based on illegality of the transaction:

a) "that Plaintiff sold and delivered to Defendant at New Jersey from 8/1/71 through 11/2/71, 5,530 gallons of a chemical known as sodium arsenate for shipment to the State of Maine.

b) "that the chemical sold and delivered by Plaintiff to Defendant was an unregistered economic poison within the meaning of Title 7, Section 135a of the United States Code which was in effect at the time of the sale.

c) "that Title 7, Section 135a of the United States Code made it unlawful during the period from 8/1/71 through 11/2/71 for any person to ship or deliver for shipment from any State to any other State the chemical known as sodium arsenate.

d) "that any contract entered into by and between Plaintiff and Defendant in the period from 8/1/71 through 11/2/71 for sale and delivery of the chemical sodium arsenate is an illegal contract and not enforceable in a court of law."

Following the defendant's motion to the Court for an amendment of the previously made findings, the plaintiff suggested amended findings of facts and conclusions of law, which were adopted by the Court. The material portion of these findings may be quoted as follows:

"However, from the testimony elicited, it would appear that the chemicals were 'economic poisons' within the purview of Title 7, Sec. 135(a), U.S.C.A. However, the evidence produced showed that the final destination of the respective shipments was to be a foreign country, to wit, Canada, and said chemicals were to be finally sold and used there, and no evidence was offered by either party to the contrary. See Title 7, Sec. 135a(5)(b), U.S.C.A. Arnold Livingston, general manager of Plaintiff and an expert in the domestic and foreign sale of chemicals of this nature, testified that the chemicals in question were properly

2. Rule 52, D.C.C.R., in so far as material to this case, provides:
   52(a) Effect.
   "In all actions tried upon the facts the court shall, upon request of a party made as a motion within 5 days after notice of the decision, or may upon its own motion, find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. Requests for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the court to judge the credibility of the witnesses. . . . . ."

3. Rule 52(b), D.C.C.R., Amendment.
   "The court may, upon motion of a party made not later than 10 days after notice of findings made by the court, amend its findings or make additional findings and, if judgment has been entered, may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59. When findings of fact are made by the court, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the court an objection to such findings or has made a motion to amend them or a motion for judgment."

labeled, branded and registered for sale in Canada. Since his testimony was not disputed, the Court finds such to have been the fact."

"The chemicals in question would not be an *unregistered* economic poison within the meaning of Title 7, Sec. 135(a) of U.S.C.A., as they were properly labeled, branded and registered for sale in Canada which was their intended destination and would therefore not have been in violation of Sec. 135–135k of Title 7, of U.S.C.A. See Title 7, Sec. 135a(5)(b) of U.S.C.A." (Emphasis in original)

"Title 7, Sec. 135(a), U.S.C.A., speaks for itself, but the Court finds that the sale in question was not an unlawful shipment by reason of the fact that its intended final destination was a foreign country, to wit, Canada, and all evidence at the trial showed that that is where final delivery and sale was made. There was no evidence that any of said merchandise was either sold in or used in the State of Maine."

"The contract in question is not illegal for the reasons above stated and is an enforceable contract."

The defendant appealed the District Court judgment in favor of the plaintiff to the Superior Court, where he pressed anew the defense of illegality. The Superior Court Justice, in his analysis of the record on appeal, noticed that no mention of the defense of illegality was made in the defendant's answer and that, since no record of the evidence in the District Court was made available as part of the record on appeal, it could not be implied that the case was tried with the issue of illegality in mind. He concluded that the issue of illegality had not been litigated before the District Court by consent of the parties, either express or implied. Under the circumstances, the presiding Justice ruled that the defense of illegality had been waived and was not properly before him on appeal.

In his appeal to the Law Court, the defendant seeks to test the propriety of the Superior Court's ruling on the question of the defense of illegality. We deny the appeal.

■ The defense of illegality under the rules of court regulating the civil procedure in the courts of Maine is an affirmative defense and, if the defendant Parent intended to raise such an issue to block recovery by the plaintiff on the asserted contract, he was required to "set forth affirmatively" in his responsive pleading his claim of illegality of the contract in avoidance of responsibility thereunder.

■ Since the defendant was required in the instant case to file a responsive pleading and since Rule 12(b), M.R.C.P. (made applicable by Rule 12, D.C.C.R) says that

"[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, *shall be asserted* in the responsive pleading thereto," (Emphasis added)

the defendant's failure to "set forth affirmatively" the defense of illegality would ordinarily be considered a waiver of the same. Existing issues between the parties should be properly raised by sufficient pleading at the trial level. *Frost v. Lucey*, 1967, Me., 231 A.2d 441, 445.

■ The affirmative disclosure of the specific issues in controversy required by the rules compelling the express assertion of affirmative defenses in pleadings is essential, if the trial court is to have the opportunity to make underlying findings of fact on critical aspects of any issue, which findings are necessary for appellate review. See *Graffam v. Geronda*, 1973, Me., 304 A.2d 76, 79; *Reville v. Reville*, 1972, Me., 289 A.2d 695, 697.

The defendant contends that, although the affirmative defense of illegality of the

contract was not expressly pleaded, the issue itself was factually tried in the District Court by implied consent of the parties. Rule 15(b) of the Maine Rules of Civil Procedure (made applicable by Rule 15, D.C.C.R.) does provide in part that

"[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

Parent bases his argument on the fact that, when he proposed to the Court amended findings founded on his claim of illegality of the contract, the plaintiff did not interpose objection to the procedure, but rather participated actively therein by suggesting its own findings of fact which it desired the Court to adopt on the issue of illegality. Furthermore, it is claimed that the Court's response in adopting the plaintiff's tendered findings thereon lends support to the defendant's assertion that the issue was in fact tried in the trial court with the consent of all.

■ Rule 15(b), M.R.C.P. is applicable and an affirmative defense will be viable although not specifically pleaded *"only where it clearly appears from the record* that *an issue not raised in the pleadings and not preserved in the pretrial order has in fact been tried* and that this procedure has been authorized by express or implied consent of the parties." *Systems Incorporated v. Bridge Electronics Company,* 1964, 3 Cir., 335 F.2d 465, 466, 467. (Emphasis supplied)

■ Notwithstanding that the purpose of Rule 15(b) is obviously "to avoid the tyranny of formalism" (*Rosden v. Leuthold,* 1960, 107 U.S.App.D.C. 89, 274 F.2d

747, 750), nevertheless, the rule is not to be used as a device by which a litigant, thwarted on one theory, may raise an alternative theory after trial in hopes of avoiding the consequences of an adverse judgment. The rule was not intended to permit a party to amend his pleadings after verdict and thereby upset the verdict by asserting a new theory which was not included in the original pleadings and upon which the case was not tried. *Cleary v. Indiana Beach, Inc.,* 1960, 7 Cir., 275 F.2d 543, 547.

■ The mere fact that evidence presented at trial which is competent and relevant to the issues raised by the pleadings may incidentally tend to prove another fact not put in issue does not give rise to the application of Rule 15(b) and support a claim that the issue was tried by consent, unless notice of the nonpleaded issue is given clearly during the course of the trial. *Simms v. Andrews,* 1941, 10 Cir., 118 F.2d 803, 807; *Cushman v. Perkins,* 1968, Me., 245 A.2d 846, 851.

■ An amendment after judgment stating a new cause of action or a new defense is not permissible under the guise of conforming the pleadings to the proof. *Simms v. Andrews,* supra, at 807.

On the other hand, as stated in 5 C.J.S. Appeal & Error § 1564(4), at p. 1267, there seems to be a general rule, paralleling our Rule 15(b), M.R.C.P. to the effect that

"[i]n the absence of a showing to the contrary, it will be presumed, on appeal, that the findings of the trial court are responsive to the issues raised by the pleadings, and where facts found are not within the formal issues justified by the pleadings it may be assumed that they were placed in issue by agreement or introduction of evidence or otherwise during the trial."

The rationale which gives rise to the general rule is that "where the record is si-

lent, thus leaving room for such presumption, it will ordinarily be presumed in favor of the regularity and validity of the proceedings and judgment of the trial court that the court did only what it by right might do, and that it only made findings upon questions of fact actually litigated." *Harkins v. Cooley,* 1894, 5 S.D. 227, 58 N.W. 560, 561.

■ But where there is no express or formal waiver of the want of specific allegations in the pleadings as to a particular fact or state of facts and the waiver must be gathered from the course of the trial or, as in the instant case, from the fact the trial court made findings of fact on the issue, the presumption of regularity cannot prevail against facts of record entirely inconsistent with its indulgence. Unless it may be implied that the parties did in fact, and without objection, litigate the issue not pleaded as though it were in the pleadings, then the rule does not apply. See *City of Winona v. Thompson,* 1881, 27 Minn. 415, 8 N.W. 148.

■ That the issue of illegality of the contract was not *tried* in the trial court by express or implied consent of the parties within the meaning of Rule 15(b), M.R.C. P. is the unavoidable conclusion to be reached from the present record. In his first findings of fact, the Judge specified the affirmative defenses which had not been pleaded by the defendant, but which the parties had presented to the Court for his decision by mutual consent. The failure ·to include the affirmative defense of illegality of the contract effectively negates the defendant's claim in that respect. The Judge's commentary reads as follows:

"The Defendant, though he did not plead any affirmative defenses, yet the defenses offered were in the form of confession and avoidance, *i. e., he did receive the items which the Plaintiff says it delivered to him, but that he ought not to pay by reason of the fact that it was not a purchase and sale and that there were certain defects in part of the merchandise as above set forth and that he had certain offsetting charges against Plaintiff.* Although under Rule 8(c), an affirmative defense must be pleaded, yet the parties waived their. rights to the strictness of the procedure and the testimony was received in the same manner as if affirmative defenses had been specifically set forth."* (Emphasis added)

The maxim, expressio unius exclusio alterius, is capable of wide and useful practical application. When the Judge of the District Court in the first findings of fact referred to three specific issues in the nature of affirmative defenses as having been actually contested by the parties although they were without the scope of the pleadings, but never mentioned that the issue of illegality of the contract also had been so tried, the inference is irresistible that the latter issue was not actually litigated by consent, either express or implied.

Even though the plaintiff invited the trial Court after verdict to decide the issue of illegality of the contract in its favor by suggesting findings of fact thereon instead of objecting to the procedure and the Court did, pursuant thereto, entertain the issue and decide the point, it cannot be assumed, in the posture of this record, that the issue of illegality had been submitted to the Court by express or implied consent of the parties during the trial phase of the proceedings. Absent a record of the evidence indicating trial of the issue by implication, together with the strong inference against it from the reference statement of the Court respecting the affirmative defenses entertained at trial, this Court will not assume on this record that evidence was received by consent on an issue outside the scope of the pleadings.

■ The defendant as the aggrieved party in the trial court had the burden of making for the appellate court a proper record of the trial court proceedings which clearly showed that the issue of illegality

of the contract had actually been tried by the implied consent of the parties.

While the findings of the Judge of the District Court may indicate that some evidence relevant to a defense of illegality was introduced in the course of the evidentiary hearing, nevertheless, since no record of the testimony was presented to the appellate court disclosing how and why such evidence came before the trial court, we cannot say that the Superior Court was in error in holding that the defense of illegality was not available to the defendant on appeal. See *Wickahoney Sheep Company v. Sewell,* 1959, 9 Cir., 273 F.2d 767, 774; *Gallon v. Lloyd-Thomas Company,* 1959, 8 Cir., 264 F.2d 821, 825, n. 3.

Even if we were to hold that the defense of illegality of the contract was properly raised in the District Court, this appeal would still fail.

■ The defendant Parent as appellant has the burden of demonstrating *on the record* that the findings made by the District Court and the legal conclusions based thereon are "clearly erroneous." D.C.C.R., Rule 73(a); *Forer v. Quincy Mutual Fire Insurance Company,* 1972, Me., 295 A.2d 247.

■ Copies of invoices made part of this record are not sufficient to support illegality of the contract as a matter of law. In the absence of a record of the testimony adduced at trial, the appellate Court had insufficient evidentiary documentation by which to measure the findings of fact upon which the Judge of the District Court rested his decision. *McAvoy v. Rush,* 1969, Me., 248 A.2d 764.

The judgment of the District Court was properly affirmed.

The entry will be

Appeal denied.

All Justices concurring.