**Fred STEINBERG**

v.

**Arthur R. ELBTHAL et al.**

Supreme Judicial Court of Maine.

Argued May 12, 1983.

Decided Aug. 1, 1983.

Daviau, Jabar & Batten, J. William Batten (orally), Waterville, for plaintiff.

J. Armand Gendron (orally), Sanford, for defendant.

Before GODFREY, NICHOLS, ROBERTS and VIOLETTE, JJ., and DUFRESNE, A.R.J.

NICHOLS, Justice.

The Defendants, Arthur and Louisa Elbthal, appeal from a judgment of the Superior Court (Somerset County) denying their claim for treble damages pursuant to 14 M.R.S.A. §§ 7551–7552 (1980) for cutting by the Plaintiff, Fred Steinberg, of timber located on their land in Skowhegan. On appeal the Defendants contend that the Superior Court erred in ruling that they were precluded from recovering treble damages due to their failure to assert a claim for such damages in their pleadings. The Defendants assert that the issue of treble damages was tried by consent of the parties pursuant to Rule 15(b), M.R.Civ.P. We deny the appeal.

In 1975, the Defendants conveyed to the Plaintiff 138 acres of land in Skowhegan. Although not in the form of a conventional mortgage deed, Defendants understood the deed they gave to the Plaintiff to be a mortgage deed with a right of redemption. On discovering that the Defendants had previously conveyed the property to themselves and a third party as trustees for a realty trust, the Plaintiff commenced this damage action for breach of warranty of title. Along with their answer, the Defendants filed a counterclaim pursuant to Rule 13, M.R.Civ.P., seeking a declaration that the deed was in fact a mortgage subject to redemption, and seeking a determination of "the amount equitably due from Defendants to Plaintiff to effect such redemption."

Pre-trial memoranda were served and filed in July, 1980, and a pre-trial conference held on September 16, 1980. Between May and September, 1980, during the pre-trial stage of the litigation, the Plaintiff sold $15,166.48 worth of timber from the property. The pre-trial order entered on September 17, 1980, made no mention of this cutting nor of the possibility of recovery of treble damages pursuant to 14 M.R.S.A. §§ 7551–7552 for such a cutting.[1] The only reference in the pre-trial order to the Defendants' counterclaim was the statement: "Should the Court in the Summary

1. 14 M.R.S.A. § 7551 (1980) provides:
   If, during the pendency of an action for the recovery of land, the tenant commits strip or waste by cutting, felling or destroying wood, timber, trees or poles standing thereon, he shall pay to the aggrieved party treble damages, to be recovered in a civil action.
   14 M.R.S.A. § 7552 (1980) provides in part:

   Whoever cuts down, destroys, injures or carries away any ... timber ... from land not his own, without license of the owner ... is liable in damages to the owner in a civil action. If such an act or such acts are committed willfully or knowingly, the defendant is liable to the owner in treble damages....

Judgment motion determine that [the] option to repurchase is an equitable mortgage then [the] sole issue remaining is non-jury issue on complaint to redeem."

In August, 1981, a jury-waived trial was held in Superior Court. The justice determined that the deed was an equitable mortgage and entered judgment in favor of Defendants on both the Plaintiff's complaint and the Defendants' counterclaim. After being informed that the Plaintiff had removed timber from the land, the justice ordered the case scheduled for a further hearing on "the amount equitably due under the terms of the mortgage and the terms of redemption." .

On the morning of this second hearing, fifteen months after the earlier hearing, counsel for the Defendants raised for the first time their claim for treble damages. Although counsel made the claim known to the court and to opposing counsel, he filed neither a motion to amend the pre-trial order nor a motion to supplement the pleadings pursuant to Rule 15(d), M.R.Civ.P.

At the hearing the parties elicited testimony from a professional forester on the value of the timber removed from the land. Following the hearing, the court determined the amount equitably due from the Defendants to the Plaintiff to redeem the mortgage, crediting the Defendants for the value of the timber that the Plaintiff had removed. The court denied the Defendants' claim for treble damages, however, concluding that the Defendants had failed to raise the claim at either the pleading or pre-trial stage of litigation, and ruling that the pre-trial order controlled the course of the action. *See* M.R.Civ.P. 16(c)(3).

We find no error in the ruling of the presiding justice.

■ When faced with the need to amend pleadings in response to events which have taken place since the time of the original pleadings, the appropriate procedure is to move to supplement the pleadings pursuant to M.R.Civ.P. 15(d). Such a motion will often avoid the delay and expense associated with commencement of a second action involving related facts, and should ordinarily be granted unless the opposing party can demonstrate that allowing the motion will prejudice his position or unreasonably dely the litigation. *See Rancourt v. City of Bangor,* 400 A.2d 354, 356 (Me.1979); 1 Field, McKusick & Wroth, *Maine Civil Practice* § 15.7 (2d ed. 1970 & Supp.1981); 3 *Moore's Federal Practice* ¶ 15.16 (1983). A Rule 15(d) motion would have been appropriate in this case both because the cutting of the timber took place after filing of the original pleadings, and because the Defendants' counterclaim seeking a determination of the amount equitably due to redeem the mortgage and the Defendants' claim for treble damages involved overlapping questions of fact.[2]

■ In addition to a motion to supplement the pleadings pursuant to M.R.Civ.P. 15(d), counsel for the Defendants should have moved for modification of the pre-trial order. A pre-trial order supersedes the pleadings and controls the subsequent course of a civil action. M.R.Civ.P. 16(c)(3); *Ocean National Bank of Kennebunk v. Odell,* 444 A.2d 422, 424 (Me.1982); 1 Field, McKusick & Wroth, *Maine Civil Practice* § 16.5 (2d ed.1970 & Supp.1981). Issues not raised in the pre-trial order are treated as waived. *Odell,* 444 A.2d at 424; *Taylor v. Richardson,* 432 A.2d 1307, 1309 (Me.1981); *Parsons v. Beaulieu,* 429 A.2d 214, 218 n. 4 (Me.1981). Rule 16(c)(3) now permits counsel to object to the terms of a pre-trial order by filing an objection with the clerk within ten days after the date on which the pre-trial order is mailed to counsel. Even after the expiration of this ten-day period, however, counsel may move for modification of a pre-trial order to prevent manifest injustice. M.R.Civ.P. 16(c)(3); Field, McKusick & Wroth, *supra,* at § 16.5. When, as in this

2. As the issue is not properly raised by the record before us, we intimate no opinion on the collateral estoppel or res judicata effects of the judgment in this action on any future civil action brought by the Defendants under 14 M.R.S.A. §§ 7551 or 7552.

case, counsel becomes aware after the pre-trial order of events which necessitate a modification of that order, counsel should immediately move for modification of the order. Field, McKusick & Wroth, *supra*, at § 16.5.[3]

■ Notwithstanding a party's failure to raise an issue in the pleadings or at the pre-trial stage of litigation, an issue which is tried by express or implied consent of the parties will be treated in all respects as if it had been raised in the pleadings. M.R. Civ.P. 15(b).[4] To avoid the possibility of prejudice to a party that may have relied upon the issues as delineated in the pleadings or pre-trial order, we will deem an issue to have been tried by consent only where it clearly appears from the record that both parties consented to trial of the issue. *Grant v. Warren Brothers Co.*, 405 A.2d 213, 220 (Me.1979); *Bouchard v. Jacques*, 370 A.2d 680, 682 (Me.1977); *Blue Spruce Co. v. Parent*, 365 A.2d 797, 802 (Me.1976); Field, McKusick & Wroth, *supra*, at § 15.5.

> If it is plain from the conduct of the parties that they recognize an unpleaded issue as being in the case, no problem arises. On the other hand, if one party offers evidence which the other reasonably believes is of no consequence and therefore does not object to it, cross-examine upon it or seek to controvert it by other evidence, the issue can hardly be considered as having been tried by implied consent.

Field, McKusick & Wroth, *supra*, § 15.5 at 304. *See Blue Spruce Co. v. Parent*, 365 A.2d at 802.

■ The Defendants assert that the Plaintiff's failure to object to the testimony establishing the value of the timber establishes implied consent to the trial of the treble damage issue. While failure to object to extensive evidence that is relevant only to an issue not raised by the pleadings would strongly suggest acquiescence in the trial of that issue, the evidence relating to the value of the timber cut was relevant to both the treble damage issue and the issue of the amount equitably due to the Plaintiff to redeem the mortgage. It is clear that the Plaintiff's failure to object to this evidence was due to its relevancy to the principal issue remaining in the case: the amount equitably due to redeem the property. "The mere fact that evidence presented at trial which is competent and relevant to the issues raised by the pleadings may incidentally tend to prove another fact not put in issue does not give rise to the application of Rule 15(b) and support a claim that the issue was tried by consent...." *Blue Spruce Co. v. Parent*, 365 A.2d at 802. *See Grant v. Warren Brothers Co.*, 405 A.2d at 220; *Cushman v. Perkins*, 245 A.2d 846, 851 (Me.1968).

Our review of the record in this case convinces us that the treble damage issue was neither pleaded nor tried by express or implied consent of the parties. The Superior Court therefore committed no error in denying the Defendants' claim for treble damages.

---

**3.** Although Rule 16 expressly authorizes modification of the pre-trial order only at trial, the rule implies the power to modify the order at an earlier time. 3 *Moore's Federal* Practice ¶ 16.20 at 16–54 n. 2 (1983).

**4.** Rule 15(b) provides:
(b) *Amendments to Conform to the Evidence.* When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.