**MIDLAND FIBERGLASS, INC., et al.**

v.

**L.M. SMITH CORP., et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 2, 1990.
Decided Oct. 16, 1990.

---

Paul K. Marshall, Kingfield, for plaintiffs.

Daniel F. Gilligan, Richardson & Troubh, Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

WATHEN, Justice.

Plaintiff Midland Fiberglass, Inc. ("Midland") appeals from a judgment of the Superior Court (Franklin County, *Perkins, J.*) following a jury verdict in favor of defendants L.M. Smith Corp. ("Smith Corp.") and Larry Smith on the complaint and counter-claim. Plaintiff contends that the Superior Court committed error in admitting a deposition into evidence and failing to instruct the jury properly. Finding no reversible error, we affirm the judgment.

On March 25, 1985, plaintiffs Bruce H. Pooler, sole stockholder, and Midland filed a complaint alleging that defendants Smith and Smith Corp. fraudulently took control of Midland in February, 1984. Defendants denied the allegation and counterclaimed for breach of contract and breach of warranty. Prior to trial, plaintiffs moved unsuccessfully to amend their complaint to include counts of wrongful interference with business relationships and breach of duty of good faith, and a claim for punitive damages. During trial, plaintiffs again moved to amend their complaint, alleging that "issues which may not have been raised by the pleadings were tried by express or implied consent of the parties," pursuant to M.R.Civ.P. 15(b). This second motion was denied, and the jury returned a verdict in favor of the defendants.

On appeal, plaintiff alleges that certain notice defects in connection with the taking of a telephone deposition precluded its admission into evidence. Assuming that such defects were fatal to the admissibility of the deposition, the court did not commit reversible error in admitting the deposition. Under M.R. Evid. 103(a), reversible error exists only if "a substantial right of the party is affected." In *State v. True,* 438 A.2d 460 (Me.1981), we adopted the formulation that "preserved error should be treated as harmless if 'the appellate court believes it highly probable that the error did not affect the judgment.'" *Id.* at 467 (citing R. Traynor, *The Riddle of Harmless Error* 35, 49–51 (1970)); see also *State v. Francis,* 539 A.2d 213, 215 (Me.1988). Here, the deposition was supportive of plaintiff Pooler's cross-examination testimony and merely provided cumulative evidence of plaintiffs' understanding concerning defendants' right to take over the business. It did not provide impeachment testimony that affected plaintiff's substantial rights. Thus, even if admission of the dep-

osition were error, a proposition that we need not determine, it would be harmless.

 Plaintiff also argues on appeal that the Superior Court committed reversible error in refusing to instruct the jury on the three issues the court had twice declined to add to the pleadings. Plaintiff bases this argument on M.R.Civ.P. 15(b) which states: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

"To avoid the possibility of prejudice to a party that may have relied upon the issues as delineated in the pleadings," we "deem an issue to have been tried by consent only where it clearly appears from the record that both parties consented to trial of the issue." *Steinberg v. Elbthal*, 463 A.2d 731, 734 (Me.1983) (citations omitted). Just because

> evidence presented at trial which is competent and relevant to the issues raised by the pleadings may incidentally tend to prove another fact not put in issue does not give rise to the application of Rule 15(b) and support a claim that the issue was tried by consent, unless notice of the nonpleaded issue is given clearly during the course of the trial.

*Blue Spruce Co. v. Parent*, 365 A.2d 797, 802 (Me.1976) (citations omitted).

In the present case, the plaintiff, "as the aggrieved party in the trial court," had the burden of demonstrating that these issues were actually tried by the express or implied consent of the parties. *Id.* at 803–804. The defendants never expressly consented to trying the additional issues, and the court denied two motions to add them to the pleadings. The court necessarily determined that plaintiffs had failed to meet that burden when it denied the second motion to amend the pleadings. The Superior Court did not err in refusing to instruct the jury on issues that were not in controversy or tried by express or implied consent of the parties in this trial.

The entry is:

Judgment affirmed.

All concurring.